CHARLES E. TAYLOR *et al.*

*v.*

ARMENIA J. TAYLOR.

*Filed at Ottawa, January* 19, 1893.

1.  HUSBAND AND WIFE — *ante-nuptial contract set aside for unfair-
ness.* A marriage contract was entered into four days before marriage
of the parties, by which the intended wife, in consideration of $2000,
to be paid two years after the husband's death, released all the rights
given her by law in his estate, including dower and homestead, and by
which he also released all rights in the wife's estate, and it appeared
that she had no property or expectation of property, which provision
for the wife was shown to be very inadequate, taking into consideration
his means. There was no proof of the circumstances attending the exe-
cution of the contract, or that the wife was made acquainted with the
extent of property owned by her intended husband: *Held,* that the
agreement was one-sided and unfair to the wife, and did not bar her right
of dower in the husband's lands and estate.

2.  While it may be conceded that an intended wife has the legal ca-
pacity to make an ante-nuptial contract, and that marriage is a sufficient
consideration to support it, yet in the absence of clear and satisfactory
proof, it will not be presumed that she would, with full knowledge of
all the circumstances, enter into such a contract which makes an inade-
quate provision in her favor.

3.  SAME — *burden of sustaining ante-nuptial contract.* Parties to
an ante-nuptial contract occupy a confidential relation toward each
other. While they may lawfully contract with each other when there
is full knowledge of all that materially affects the contract, yet when the
provision secured for the intended wife is disproportionate to the means
of the intended husband, it raises the presumption of designed conceal-

ment and throws the burden upon those claiming in his right to prove that there was a full knowledge in her of all that materially affects the contract.

4. Where the provision made for the intended wife is inadequate to the husband's means, the burden will be on his heirs to prove by satisfactory evidence that she had full knowledge of the character and extent of her intended husband's property, and of the provisions of the contract, or at all events that the circumstances were such that she reasonably ought to have had such knowledge at the time the contract was executed.

5. SAME — *ante-nuptial contract construed — after-born children.* An ante-nuptial contract provided that if any children should be born of the marriage, and survive the husband, such issue should inherit all his estate equally with any issue of him by any former marriage, "the same as if no contract existed between the parents:" *Held,* that such provision created no contract in behalf of after-born children, but was intended to leave the inheritance of the husband's property, as respects his children by his intended wife, unaffected by the contract.

6. BILL FOR DOWER — *ante-nuptial agreement in bar — competency of widow to testify.* On bill for dower in which an ante-nuptial agreement is set up in bar, which the widow claims is unreasonable, she will not be competent to testify to the circumstances attending the making of the agreement, for the purpose of impeaching its fairness.

7. ASSIGNMENT OF DOWER — *decree construed — homestead rights of minor child.* A decree for the assignment of a widow's dower directed the commissioners to give her dower "without prejudice to the homestead rights of the minor child of her deceased husband," and directed the widow to be let into the possession of the premises "so assigned to her as dower:" *Held,* that the decree did not ignore the homestead rights of the minor heir. Her possession of the homestead is in subordination to the rights of the heir, and absolute as to the other lands set apart to her.

APPEAL from the Circuit Court of Peoria county; the Hon. THOMAS M. SHAW, Judge, presiding.

Armenia J. Taylor, widow of Burtis S. Taylor, late of Peoria county, deceased, filed her bill in the Circuit Court of that county for the assignment of dower in lands whereof he died seized. The heirs at law of Burtis S. Taylor were made defendants, and they answered denying that the complainant was ever entitled to dower in the lands whereof Burtis S. Taylor

died seized, because, before her marriage with him, they entered into an agreement as follows :

" This agreement, made and entered into this 18th day of October, 1883, between Burtis S. Taylor, of Princeville, Peoria county, State of Illinois, party of the first part, and Armenia Pardee, of the city of New York, State of New York, party of the second part, witnesseth :

" That, whereas a marriage is about to be had and solemnized between the said parties, and the said parties are desirous of making a settlement of their property, both real and personal, prior to said event, it is agreed between the parties that said party of the first part is to provide for the said party of the second part all the necessaries of life, including medical care and nursing during sickness, in all cases to support and care for her in such manner as his means will permit, during his life, and should she, the party of the second part, survive the party of the first part, then and in that case the estate of the said party of the first part shall pay the party of the second part the sum of two thousand ($2000) dollars in full payment and discharge of any and all claims she may have to dower in the real estate of the said party of the first part, or specific allowance as his widow, or interest or share she may have in his personal property, and is to be received by her in full discharge of any and all such claims, dues or demands whatever.

" It is further agreed between the parties that said party of the first part shall hold any and all of his real estate during the time of their married life, free and clear of any encumbrance or dower or homestead of the party of the second part, and should it become necessary in the transaction of business for the party of the first part to sell or dispose of any of the real estate now owned by him, or which he may hereafter purchase, the party of the second part hereby agrees to sign all deeds relinquishing all right of dower and homestead she may have in and to any and all such real estate, meaning and intending by this agreement that each shall have and hold any real

estate that they may have or own at the time said marriage is solemnized, or which either may subsequently purchase or obtain during said marriage, free and clear from the claims or control of each other, and to be owned and controlled in the same manner as though no marriage relations existed between the said parties.

" It is further agreed between the parties that should said party of the second part wish to dispose of any real estate which she may own at the time of said marriage, or which she may subsequently obtain by purchase, devise or otherwise, the party of the first part hereby agrees to sign any and all deeds of conveyance, thereby relinquishing any and all rights he may have to dower or homestead in and to said real estate.

" It is further agreed between the parties hereto that should any children be born of said marriage, and survive the party of the first part, that said issue shall inherit all the estate of the party of the first part, equally with any issue the party of the first part may have from former marriage or marriages the same as if no contract existed between the parents.

" It is further agreed between the parties that should the party of the second part survive the party of the first part, the payment to her of the sum of two thousand ($2000) dollars shall be made within two (2) years from the decease of the party of the first part, and shall be made a preferred claim against his said estate, and shall be paid out of the proceeds of his estate next to the funeral expenses, and is hereby made a lien upon said estate until paid.

" In witness whereof the said parties have hereunto set their hand and seals the day and year first above written.

BURTIS S. TAYLOR,  [SEAL]<br>ARMENIA JEANE PARDEE. [SEAL] "

On final hearing the court decreed that this agreement was " free from fraud or undue influence so far as shown by the evidence, except in so far as said fraud or undue influence may

be inferred from the fact that the said contract did not make a
fair and reasonable provision for his wife upon his death, tak-
ing into account the circumstances of the parties and the con-
dition of the estate of the said husband, but the same was
inadequate, inequitable and unreasonable, and not such a con-
tract as a court of equity will hold to be an equitable bar of
the widow's dower, and the same does not bar her dower and
homestead." The decree further appointed commissioners to
assign dower, directing them to assign dower to complainant
in all the lands whereof Burtis S. Taylor died seized, giving
her, without prejudice to the homestead rights of the minor
child of the said Burtis S. Taylor, the homestead or dwelling
house, if she so desired. The commissioners assigned dower
and reported their action to the court, which report was
approved by the court. Damages were thereafter assessed to
complainant for the detention of her dower, amounting to
$880.20.

The defendants bring the case to this court by appeal.

Messrs. McCULLOCH & McCULLOCH, for the appellants:

A married woman ought to be bound by her contracts the
same as other persons. *Barth* v. *Lines*, 118 Ill. 374; *Went-
worth* v. *Wentworth*, 69 Me. 244; *Andrews* v. *Andrews*, 8 Conn.
79; Bishop on Law of Married Women, sec. 423; *McNutt* v.
*McNutt*, 116 Ind. 545.

Marriage alone is not only a sufficient consideration for an
ante-nuptial contract, but is the highest consideration known
to the law. 1 Parsons on Contracts, 554; *Barth* v. *Lines*, 118
Ill. 374; *Otis* v. *Spencer*, 102 id. 622; *Previtt* v. *Wilson*, 103
U. S. 22; *McGee* v. *McGee*, 91 Ill. 548; *Magniac* v. *Thomp-
son*, 7 Pet. 348; *Herring* v. *Wickham*, 29 Gratt. 628; *Charles*
v. *Charles*, 8 id. 426; *Peck* v. *Peck*, 12 R. I. 485; *Ludwig's
Appeal*, 101 Pa. St. 535; 2 Scribner on Dower, 409, 413.

Ante-nuptial contracts are not only lawful, but are favored
by the courts. *Spencer* v. *Boardman*, 118 Ill. 553; *Barth* v.

*Lines, supra;* *McMahill* v. *McMahill,* 105 Ill. 596 ; 113 id. 461 ; *Weaver* v. *Weaver,* 109 id. 225 ; *Brenner* v. *Gauch,* 85 id. 368 ; *Phelps* v. *Phelps,* 72 id. 545 ; *McGee* v. *McGee,* 91 id. 548.

Any reasonable provision, whether secured out of realty or personalty, which an adult person, previous to marriage, agrees to accept in lieu of dower, will be a good jointure in equity, and operate as a bar to any subsequent claim to dower. *McGee* v. *McGee,* 91 Ill. 548; *Jordan* v. *Clark,* 81 id. 465; Bacon's Abr., p. 230, "Jointure."

The provision made for appellee was fully equal to some provisions that have been sustained by this court. *McMahill* v. *McMahill,* 105 Ill. 596 ; *Spencer* v. *Boardman,* 118 id. 553.

A widow may part with her right of homestead by an antenuptial contract, where there is no interference with the rights of minor children. R. S., chap. 52, secs. 1, 2 and 4; *Spencer* v. *Boardman, supra;* *Kingman* v. *Higgins,* 100 Ill. 319.

Appellee is an incompetent witness to impeach the marriage contract. *Forbes* v. *Snyder,* 94 Ill. 374.

Mr. W. T. WHITING and Mr. LESLIE D. PUTERBAUGH, for the appellee :

The right of homestead is not affected by an ante-nuptial agreement. *McMahill* v. *McMahill,* 105 Ill. 596 ; *McGee* v. *McGee,* 91 id. 548; *Phelps* v. *Phelps,* 72 id. 545 ; Thompson on Homesteads, sec. 447.

Before the wife can be deprived of her dower and other rights, the agreement must be executed in her favor. *Weaver* v. *Weaver,* 109 Ill. 225; *Brenner* v. *Gauch,* 85 id. 368 ; *Johnson* v. *Johnson,* 23 Mo. 56; *S. C.,* 30 id. 72.

There must be a consideration other than marriage for an agreement not to claim dower. *Curry* v. *Curry,* 10 Hun, 360; *Power* v. *Shiel,* 1 Molloy, 311 ; 12 Eng. Ch. Rep. 147.

A close confidential relation existed between the parties, which required, on the husband's part, the utmost good faith.

Taylor, occupying such a position, under the facts shown, the presumption is against the validity of the agreement, and the burden of proof is thrown upon appellants to show that the contract was fairly procured, and that it is a righteous one. *Beiser's Appeal,* 92 Pa. St. 267; *Pierce* v. *Pierce,* 71 N. Y. 154; *Kline* v. *Kline,* 57 Pa. St. 57; *Rockafellow* v. *Newcomb,* 57 Ill. 1, 86; *Tiernan* v. *Reims,* 92 Pa. St. 248; *Darlington's Appeal,* 86 id. 512.

The rule is, that if influence is acquired it must be kept free from taint and overreaching bargains. If confidence is reposed it must be faithfully acted upon, and preserved from any mixture of imposition or cunning, and where these relations exist, equity will not suffer a party standing in a situation where he can avail himself of his influence, to derive any advantage from that circumstance. It may also be stated as a general rule that relief will be afforded in equity in all transactions in which influence has been acquired and abused, in which confidence has been reposed and betrayed. Story's Eq. Jur., sec. 308; *Smith* v. *Kay,* 7 H. L. Cas. 750; Bispham's Prin. of Eq., sec. 231; *Sands* v. *Sands,* 112 Ill. 229; *Haydock* v. *Haydock,* 34 N. J. Eq. 70; *Todd* v. *Grove,* 30 Md. 188.

Parties to an ante-nuptial contract occupy a confidential relation toward each other. *Kline's Estate,* 64 Pa. St. 124; *Tarbell* v. *Tarbell,* 10 Allen, 278; *Fay* v. *Rickman,* 1 N. C. Eq. 278; *Woodward* v. *Woodward,* 5 Sneed (Tenn.), 49.

An ante-nuptial agreement to bar dower must be entered into *bona fide* and make provisions for the wife which are reasonable, fair and just. *Grogan* v. *Garrison,* 27 Ohio St. 65; *Stilley* v. *Falger,* 14 id. 647; *Beiser's Appeal,* 92 Pa. St. 267; *Kline* v. *Kline,* 57 id. 120; *Kline's Estate,* 64 id. 124; *Pierce* v. *Pierce,* 71 N. Y. 159.

A jointure or marriage settlement, to bar dower, must be adequate to her support; at all events, a fair equivalent to the dower in her husband's estate. 3 Redfield on Wills, chap. 14,

sec. 44; *Drury* v. *Drury*, 3 Br. P. C. 492; *McCarter* v. *Tollo*, 2 Paige, 511.

A jointure to be a bar must be something conceded to the wife. 1 Washburn on Real Prop. 270, sec. 22; *Blackburn* v. *Blackburn*, 16 Ala. 633.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Excluding as we must, on the objection of appellant, the testimony given by appellee upon the hearing, there is no evidence in the record of the circumstances attending the making of this agreement. No one witnessed its execution, and no one was informed that such an instrument had been executed until long after its execution. Some expressions of Taylor and admissions of complainant that such an instrument had been executed, are proved; but Taylor's expressions were as to the effect of the instrument, making no explanation of the circumstances attendant upon its execution, and the admissions of the complainant are accompanied by the explanation, that if she had known, at the time the instrument was executed, what she knew at the time of making the admission, she would not have signed it.

The parties were married four days after the date of this agreement — October 22, 1883 — and Taylor died on the 30th of June, 1889.

At the time of Taylor's death, he was seized of real estate estimated to be of the value of $28,000, of most of which he was seized at the time the agreement was executed. His personal estate, at the time of his death, was estimated to be of the value of $13,000. How much of this he owned at the time the agreement was executed does not appear. The parties were cousins — both had been previously married — he twice and she once. She had one daughter then married and living apart from her. He had three sons and three daughters, two or three of whom were minors, but not of a very tender age. The complainant was born and raised in the city of New

York and resided there until she came to Peoria county shortly previous to her marriage. She had no property, either real or personal, and maintained herself by dresssmaking. Taylor had been a resident of Peoria county for many years, but we think there is competent evidence in the record clearly proving that, at the time this agreement was executed, he knew that complainant had no property. There is not a particle of evidence in the record tending to show that it was anticipated by the parties, when this agreement was executed, that the complainant would or could in any understood way, acquire a separate property subsequent to her marriage.

In view of these facts that must be taken into consideration in connection with the making of the agreement, the agreement is one-sided and unfair to the complainant. It is a virtual relinquishment on her part of dower in his real estate, and of her claim for a personal allowance in his personal property, and of what she would take in his personal estate under the statute of descents, for $2000, to be paid to her within two years after his decease. Having no separate property and the acquisition of none in contemplation, the surrender of his rights as to such property is meaningless. Nor do we agree with counsel that the provision that children to be born of the contemplated marriage shall inherit equally with his other children, amounts to a contract in behalf of such children. The language is: "Should any children be born of said marriage, and survive the party of the first part, said issue shall inherit all the estate of the party of the first part equally with any issue the party of the first part may have from former marriage or marriages, *the same as if no contract existed between the parents,*" plainly intending not to restrict the power of disposition by sale or devise, but to leave the inheritance of his property, as respects his children by her, unaffected by the agreement; and so they were as well off without as with this stipulation. The sum to be paid is not above one-half, if indeed it is that, of what complainant would have received as widow from the personal

estate alone, in the absence of any agreement, and it is to be received at a date no earlier than she would have received it in the absence of an agreement.

It is unnecessary to say that complainant was not competent to enter into such an agreement. It may be conceded that she had the legal capacity to make such a contract, and that marriage was a sufficient consideration to support it. But, in the absence of clear and satisfactory proof, it is not to be presumed that she would, with full knowledge of all the circumstances, have entered into such a contract. Parties to an ante-nuptial contract occupy a confidential relation toward each other. *Kline's Estate,* 64 Pa. St. 124; *Pierce* v. *Pierce,* 71 N. Y. 154; *Rockafeller* v. *Newcomb,* 57 id. 86. While they may lawfully contract with each other, where there is full knowledge of all that materially affects the contract, yet where the provision secured for the intended wife is disproportionate to the means of the intended husband, it raises the presumption of designed concealment and throws the burden upon those claiming in his right to prove that there was full knowledge on her part of all that materially affected the contract. Cases cited *supra ; Beirer's Appeal,* 92 Pa. St. 267 ; *Tiernan* v. *Reims,* id. 248 ; *Spurlock* v. *Brown* (Tenn.), not yet reported (18 S. W. 868). The burden here was, therefore, upon appellants to prove by satisfactory evidence that appellee had knowledge of the character and extent of her intended husband's property, and of the provisions and effect of this instrument, or, at all events, that the circumstances were such that she reasonably ought to have had such knowledge at the time this instrument was executed. In our opinion, they failed to make such proof.

It is further contended that there is error in the decree in awarding the homestead to complainant as part of her dower, without recognizing the existing rights of William G. Taylor therein. In our opinion, this is a misapprehension of the effect of the decree. It expressly directs that the commission-ers shall give her, " without prejudice to the homestead rights

of the minor child of the said Burtis S. Taylor," who is William G. Taylor, "the homestead or dwelling-house of her husband," etc.

The clause directing her to be let into possession is subordinate to this. She is to be let into possession of the premises "so assigned to her as dower;" that is, in those where William G. Taylor, the minor, has a homestead right, without prejudice to that right, as well as absolutely into those where there are no conflicting rights.

The decree is affirmed.

*Decree affirmed.*

CRAIG and MAGRUDER, JJ., dissenting.