C. FRANK WEEKS v. LOTTA N. WEEKS.

197 So. 393
Division A
Opinion Filed July 12, 1940

*Carlton & Sample,* for Appellant;

*J. W. Hunter* and *E. W. & R. C. Davis,* for Appellee.

BUFORD, J.—Appeal brings for review final decree of divorce granting alimony and suit money to the complainant wife.

Appellant presents six questions for our consideration, viz.:

1. "May a wife accept all of the benefits of a fair and equitable property settlement between herself and husband and afterwards through a court of equity require the husband to pay additional moneys for her separate maintenance and support?"

2. "Where a wife has ample funds with which to support and maintain herself, all of which was given to her by the husband prior to the separation, may she require the husband through a court of equity to pay separate maintenance and support?"

3. "Is sexual intercourse between husband and wife engaged in after acts constituting grounds for divorce, a condonation of the grounds for divorce sufficient to defeat the wife's claim for separate maintenance, proceeding under statute providing alimony connected with causes for divorce?"

4. "Where a husband and wife enter into a fair and equitable property settlement after due and deliberate consideration by each of the parties and there has been no material change in the financial circumstances of either of the parties, should a court of equity disturb and vacate the agreement and decree the husband to pay additional moneys unto the wife as separate maintenance?"

5. "Where husband and wife enter into a fair and

equitable property settlement and separation agreement under which certain moneys are paid unto the wife in lieu of future maintenance and support, will isolated acts of sexual intercourse between the parties revoke such an agreement?"

6. "Where a wife has sufficient moneys with which to maintain and support herself and to pay temporary attorney's fees, should a court of equity decree alimony and suit money *pendente lite?*"

After reading and considering the record, including the final decree, we are of the opinion that the real questions are as stated by the appellee, viz.:

1. "Is a contract of separation entered into between husband and wife brought about by the husband, who at the time of its execution withholds all knowledge of his financial worth, binding and enforceable?".

2. "Does a resumption of the marital relation abrogate a separation agreement?"

The decree, *inter alia,* states:

"5. That it is shown by the testimony that the complainant owns approximately $5,800.00 in mortgages; whether or not these mortgages are worth that amount market value does not appear. At the present time, however, they are producing approximately $260.00 a year; that while the testimony of the defendant as to his worth, on examination by the complainant, is unsatisfactory as to definiteness, it is apparent that he has systematically conveyed away his property to his sons for the purpose of creating a trust fund for himself; that it can be gathered therefrom that he gets a basic amount of $150.00 a month, together with any other sum that he may see fit to demand. That under these circumstances there is an obligation on the husband to support the wife in the manner in which she was supported prior to the separation, taking into consideration the income of the wife,

and further considering that by reason of an ante-nuptial agreement she has waived all right to a dower interest in any of his property, and that upon his death she will be totally without support.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED: That the defendant in this case, G. FRANK WEEKS, do pay or cause to be paid to the Complainant, LOTTA N. WEEKS, the sum of $40.00 per month, on the 1st day of each and every month commencing with the 1st day of February, A. D. 1940; that he further pay to the complainant as a reasonable solicitor's fee the sum of $150.00, in addition to that already paid; and that he pay the costs incurred in the prosecution of this suit, to be taxed by the clerk. That the court retain jurisdiction of the cause, in order to alter or amend the same as the circumstances of the parties may require."

It appears that the chancellor gave full consideration and effect to the ante-nuptial contract, although the record shows that at the time of its execution there was not a full and fair disclosure of the intended husband's financial status.

The record amply supports the finding of the chancellor that after the execution of the separation agreement the marital relation was resumed by the parties.

The record also shows that the true financial worth and status of the husband was at all times withheld from the wife and for this reason it might not have been binding on the wife even if it had not been abrogated by a subsequent resumption of the marital status and relations.

The rule requiring full and fair disclosure of financial conditions of the parties applies both to ante-nuptial property agreements and to separation agreements.

In Murdock v. Murdock, 219 Ill. 123, 76 N. E. 57, it is said:

"The rule in this State is well settled that a man and woman who contemplate marriage may by an ante-nuptial contract, if there is a full knowledge on the part of the intended wife of all that materially affects the agreement, settle their property rights in each other's estates. Yet, it is held, if it appear that the provision made for the intended wife is disproportionate to the means of the intended husband, a presumption is raised in her favor that the execution of the agreement was brought about by a designed concealment of the amount of his property by the intended husband, and that the husband, or persons claiming through him, in order to sustain the agreement, have cast upon them the burden of proof to show that the intended wife, at the time she executed the agreement, had full knowledge of the nature, character and value of the intended husband's property, or that the circumstances were such that she reasonably ought to have had such knowledge. Achilles v. Achilles, 137 Ill. 589, 28 N. E. 45; Taylor v. Taylor, 144 Ill. 436, 33 N. E. 532; Achilles v. Achilles, 151 Ill. 136, 37 N. E. 693; Hessick v. Hessick, 169 Ill. 486, 48 N. E. 712; Hudnall v. Hamm, 183 Ill. 486, 56 N. E. 172; Yarde v. Yarde, 187 Ill. 636, 58 N. E. 600. In the Taylor case on page 445 of 144 Ill., page 533 of 33 N. E., the court said: 'Parties to an ante-nuptial contract occupy a confidential relation toward each other. Kline's Estate, 64 Pa. 124; Pierce v. Pierce, 71 N. Y. 154, 27 Am. Rep. 22; Rockafellow v. Newcomb, 57 Ill. 186. While they may lawfully contract with each other where there is full knowledge of all that materially affects the contract, yet, where the provision secured for the intended wife is disproportionate to the means of the intended husband, it raises the presumption of designed concealment, and throws the burden upon those claiming in his right to prove that there was full knowledge on her part of all that materially affected the contract." * * *

To the same effect is Hessick v. Hessick, 169 Ill. 486, 48 N. E. 712. See also Warner v. Warner, 235 Ind. 448, 85 N. E. 630; Tilton v. Tilton, 130 Ky. 281, 103 S. W. 134.

In Mann v. Mann, 270 Ill. 83, 110 N. E. 345, the reason for the rule is given, thus:

"The relationship between the parties to a marriage engagement is a confidential and fiduciary one, requiring just and fair dealing. When an ante-nuptial .contract is entered into between such persons the provisions of which are disproportionate to the husband's means, it will be presumed that the intended wife was not fully informed as to the value and extent of her husband's property, and unless this is disproved the contract will not be enforced against her." See also Egger v. Egger, 22 Mo. 116, 123 S. W. 928.

It appears to be well settled that reconciliation of husband and wife and resumption of marital relations for any period of time will render a previous contract and settlement of property rights void and that in the absence of divorce a separation contract between husband and wife is abrogation of the marital relation. See Dillon v. Dillon, 103 Neb. 332, 171 N. W. 917; Cole v. Waldrop, 204 Ky. 703, 265 S. W. 274; Harrison v. Harrison, 201 Mo. App. 465, 211 S. W. 708; Carl v. Carl, 166 N. Y. S. 961; Graves v. Graves, 174 N. Y. S. 615; Ahrens v. Ahrens, 67 Okla. 147, 169 Pac. 486, 40 A. L. R. 1229.

There is some contention in this case that there was no reconciliation after the marriage settlement. It is .true that they did not after that settlement live together as husband and wife in the community where they had resided during their married life, but the record is clear that after the marriage settlement had been agreed upon and had been signed by the parties, and the payments to the wife by the husband had been made thereunder, that they on several occasions made trips together, traveling both in and beyond

the State of Florida, traveling together as man and wife, occupying the same bed-room and cohabiting together as husband and wife.

In the light of all facts disclosed by the record with the application of the legal principles applicable thereto, we reach the conclusion that the decree is without error and should be affirmed.

.It is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.