In the Matter of the Probate of the Will of G. Frank Weeks, Deceased. Lionel E. Weeks, as Executor and Trustee under the Will of G. Frank Weeks, Deceased, et al., Respondents; Lotta N. Weeks, Appellant.— Decree of the Surrogate's Court of Nassau County adjudging that the surviving spouse of the decedent is " not an interested party or person in his estate and is not entitled to contest the probate of his Will ", and admitting the instrument offered for probate as the last will and testament of the deceased, affirmed, with one bill of costs to respondent Lionel E. Weeks, as executor, etc., payable out of the estate. At the time of the making of the antenuptial agreement, the validity of which is in issue, decedent was sixty-eight years of age and the contestant was sixty-one years of age. Each party, by a previous marriage, was a parent of adult children. Each had property, as to which the other relinquished all interest. Contestant knew that decedent possessed substantial means. She so testified, in effect, in 1939, in an action by her for alimony, prosecuted in the State of Florida. She also there testified that, at the time of the execution of the antenuptial agreement, decedent had promised that he was " fixing these mortgages up for me." Subsequent to the making of the antenuptial agreement she received mortgages, or the equivalent, at least in the sum of $5,800. Contestant affirmed the validity of the antenuptial agreement in a separation agreement entered into in 1937 and testified in the Florida action, in 1939, that she regarded the antenuptial agreement as in force and effect. She did not attack the validity of this agreement until after the death of decedent in September of 1941. There was no proof adduced in the Florida action, at least insofar as such proof is incorporated in the present record, which warranted the dictum of the Supreme Court of the State of Florida (*Weeks* v. *Weeks*, 143 Fla. 686) that at the time of the execution of the antenuptial agreement there was not a full and fair disclosure of the intended husband's financial status. Her testimony at the present hearing that she did not know what property decedent had prior to the signing of the antenuptial agreement, need not have been accredited by the learned Surrogate and, in any event, the proof is clear that at that time she did know that he was a man of " means ". The money which contestant admittedly received in accordance with a parol agreement of the parties at the time of the making of the antenuptial agreement was not disproportionate to the means of decedent. Under all of the circumstances, we are of the opinion that the agreement was valid and that the authority cited by the Supreme Court in the State of Florida (*Weeks* v. *Weeks, supra*) does not require a contrary determination. Hagarty, Carswell and Aldrich, JJ., concur; Close, P. J., and Adel, J., dissent and vote to reverse both decrees on the law and the facts, and to remit the matter to the Surrogate's Court for a new hearing, with the following memorandum: In our opinion the holding of the Surrogate that the antenuptial agreement was valid, and had been entered into under circumstances of fairness and equality, is against the weight of the evidence. Under the circumstances disclosed by this record, the law requires the utmost good faith in the dealings between the parties. (*Graham* v. *Graham*, 143 N. Y. 573.) The agreement was

entered into when both parties were residents of the State of Florida. The validity of the agreement is to be determined by the law of the place where the agreement was made. (*Bonati* v. *Welsch*, 24 N. Y. 157.) We are in accord with the view expressed by the Supreme Court of that State in *Weeks* v. *Weeks* (143 Fla. 686) that the true financial worth and status of the husband were withheld from this appellant at the time the agreement was entered into.