In the Matter of the Probate of the Will of G. FRANK WEEKS, Deceased.

LOTTA N. WEEKS, Appellant; LIONEL E. WEEKS, as Executor and Trustee under the Will of G. FRANK WEEKS, Deceased, et al., Respondents.

Argued May 22, 1945; decided July 19, 1945.

*John F. Faulkner* and *James Lee Kauffman* for appellant. The antenuptial agreement is invalid because the true worth and financial status of the decedent were withheld by him from the contestant at the time of its execution. (*Bonati* v. *Welsch,* 24 N. Y. 157; *Weeks* v. *Weeks,* 265 App. Div. 942; *Matter of Phillips,* 293 N. Y. 483; *Graham* v. *Graham,* 143 N. Y. 573; *Pierce* v. *Pierce,* 71 N. Y. 154; *Matter of McGlone,* 258 App. Div. 596; *Matter of Filor,* 267 App. Div. 269, 293 N. Y. 699.)

*Fred Strohsall* and *Joseph W. Proctor* for Lionel E. Weeks, as executor and trustee, respondent. I. Appellant in accepting the benefits under the antenuptial agreement and not having offered to restore such benefits, is now estopped from denying

the validity of said agreement. (*Hathaway* v. *Payne*, 34 N. Y. 92; *Tallinger* v. *Mandeville et al.*, 113 N. Y. 427; *Hungerford* v. *Hungerford*, 161 N. Y. 550.) II. Appellant, by waiting until after the death of her husband, is estopped from now seeking the aid of a court of equity in repudiating her agreements. (*Birkbeck's Estate*, 215 Pa. 323; *In re Wyss' Estate*, 113 Cal. App. 487; *Matter of Cook*, 244 N. Y. 63.) III. Certain findings made by the Florida courts are not upon the merits. In addition said findings were neither material or necessary to sustain the Florida decree. Such findings are not binding upon the New York courts which may make new findings in accord with the facts. (*Hughes* v. *Cuming*, 36 App. Div. 302; *Brody* v. *Brody*, 190 App. Div. 806; *Matter of Landon*, 149 Misc. 832; *Rives* v. *Bartlett*, 215 N. Y. 33; *Rudd* v. *Cornell*, 171 N. Y. 114.) IV. The findings by the Florida courts were neither material nor necessary to sustain its decree. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Silberstein* v. *Silberstein*, 218 N. Y. 525; *Shaw* v. *Broadbent*, 129 N. Y. 114; *Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98; *Kyff* v. *Kyff*, 286 N. Y. 71; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) V. The antenuptial agreement is valid. The evidence shows the contestant was not overreached and that she dealt with the decedent under circumstances of equality and with understanding of the effect of her acts in executing the agreements. (*Graham* v. *Graham*, 143 N. Y. 573; *Matter of McGlone*, 258 App. Div. 596; *Matter of Markel*, 175 Misc. 570; *Birkbeck's Estate*, 215 Pa. 323; *Estate of Koeffler*, 215 Wis. 115; *Smith's Appeal*, 115 Pa. 319; *Taber* v. *First Citizens Bank & Trust Co.*, 247 App. Div. 580, 273 N. Y. 539; *Matter of Phillips*, 293 N. Y. 483.)

*Irving Cahn*, as special guardian for Alma C. Pettit, an incompetent person, respondent. I. The decisions of the Circuit Court and the Supreme Court of Florida do not constitute res judicata. (*Unglish* v. *Marvin*, 128 N. Y. 380; *Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 650; *House* v. *Lockwood et al.*, 137 N. Y. 259; *Silberstein* v. *Silberstein*, 218 N. Y. 525; *Matter of Anderson*, 211 N. Y. 136; *Bloodgood* v. *Lewis*, 209 N. Y. 95; *Mehlhop* v. *Central Union Trust Co.*, 235 N. Y. 102; *Brown* v. *McKie*, 185 N. Y. 303; *Matter of Leonard*, 218 N. Y. 513; *Gugel* v. *Hiscox*, 216 N. Y. 145; *Rowley* v. *Feldman*, 173

N. Y. 607; *Commercial Publishing Co.* v. *Beckwith*, 167 N. Y. 329; *Lighton* v. *City of Syracuse*, 188 N. Y. 499; *McGillis* v. *McGillis*, 154 N. Y. 5?2; *Beveridge* v. *N. Y. E. R. Co.*, 112 N. Y. 1; *Gaynor* v. *Village of Port Chester*, 230 N. Y. 210.) II. The antenuptial agreement was valid, binding and enforcible. (*Nesmith* v. *Platt*, 137 Iowa 294; *In re McCready's Estate*, 316 Pa. 246; *Robinson's Estate*, 222 Pa. 113; *Smith* v. *Farrington*, 29 Atl. 2d 163; *Wulf* v. *Wulf*, 261 N. W. 159; *In Re Koeffler's Estate*, 254 N. W. 363; *Matter of McGlone*, 258 App. Div. 596; *Cowee* v. *Cornell et al.*, 75 N. Y. 91; *Carpenter* v. *Soule*, 88 N. Y. 251; *Jones* v. *Jones*, 137 N. Y. 610; *Williams* v. *Whittell*, 69 App. Div. 340; *La Tourette* v. *La Tourette*, 54 App. Div. 137; *Matter of Rogers*, 250 App. Div. 26; *Graham* v. *Graham*, 143 N. Y. 574.) III. Contestant is estopped to attack the antenuptial agreement. (*Smith* v. *Vara*, 136 Misc. 500; *Deitrick* v. *Greaney* [Mass.], 309 U. S. 190; *Morris* v. *Morris*, 234 App. Div. 187, 260 N. Y. 650; *Bragg* v. *Hatfield*, 124 Me. 391; *McNeeley* v. *Walters*, 211 N. C. 112; *Hathaway* v. *Payne*, 34 N. Y. 92; *Tallinger* v. *Mandeville et al.*, 113 N. Y. 427; *Hungerford* v. *Hungerford*, 161 N. Y. 550; *In re Wyss' Estate*, 113 Col. App. 487; *Matter of Cook*, 244 N. Y. 63.)

THACHER, J. In this probate proceeding the widow of the decedent objected to the jurisdiction of the Surrogate's Court of Nassau County on the ground that the decedent died a resident of the State of Florida. The executors named in the will offered for probate denied the allegations of residence and alleged that the contestant, by entering into an antenuptial agreement and later a separation agreement, had relinquished her rights in the decedent's estate and by failing to challenge said agreements was estopped from asserting any interest therein. It was also alleged that contestant had procured a final decree of divorce from the testator in the State of Florida and by reason thereof had no claim or interest in the estate.

During the proceedings before the Surrogate it was conceded that the Florida decree was not one of divorce, and that consequently contestant at the time of decedent's death was his lawful wife.

On December 21, 1933, the decedent, then sixty-eight years of age, and the contestant, then sixty-one years of age, were

married in Florida, having on the day before entered into an antenuptial agreement under the terms of which each relinquished all right, title or interest in or to any real or personal estate of the other acquired before marriage, it being expressly stipulated that the agreement was not to apply to any property acquired after marriage.

On November 3, 1937, the parties entered into a separation agreement in Florida which recited that they had separated in September, 1937, and that the husband had conveyed certain real estate to the wife and given her various sums of money and promised to give her an additional sum. These considerations were expressly accepted by the wife as a satisfactory, reasonable and sufficient provision for her whole support and maintenance during her natural life, past, present and future. By this agreement each of the parties again renounced any interest in the other's estate and specifically any right to elect against the other's will.

On May 23, 1939, the wife commenced an action in the Circuit Court of Lake County, Florida, against her husband, alleging extreme cruelty and that the separation agreement of November 3, 1937, had been abrogated by cohabitation between the parties subsequent to its execution. The relief asked was that alimony be awarded to the complainant.

Under Florida law, a wife may recover alimony without seeking divorce. (Fla. Stat. Ann., § 65.09.)

The husband in his answer admitted that both parties were residents of Florida, denied the material allegations of the bill, alleged the validity of the separation agreement and pleaded a counterclaim for divorce.

Upon testimony taken before a special examiner, the court found that the husband had been guilty of mental cruelty, that the separation agreement had been abandoned by the subsequent cohabitation of the parties, and awarded alimony of forty dollars a week, taking into consideration in fixing the award provisions of the antenuptial agreement waiving any dower interest in the husband's estate and the fact that upon his death she would be totally without support.

From this decree the husband appealed to the Supreme Court of Florida, where the decree was affirmed with an opinion (*Weeks* v. *Weeks*, 143 Fla. 686). There it was held that the

separation agreement was invalid because the marital relation had been resumed by the parties. It was further held that the true financial status of the husband was at all times withheld from the wife and that for this reason the separation agreement might not have been binding on the wife even if it had not been broken by a subsequent resumption of the marital status and relations, and, further, that the rule requiring full and fair disclosure of the financial condition of parties applies both to antenuptial agreements and to separation agreements (*Weeks* v. *Weeks*, 143 Fla. at p. 689).

The Surrogate of Nassau County, considering the effect of this determination in the Florida Court upon the rights of the parties, held that, in view of the determination of the Florida Court that the separation agreement was invalid, the questions still open for consideration in the Surrogate's Court were: " 1. Whether under the antenuptial contract she has an interest in decedent's estate sufficient to sustain her right to contest the probate for lack of jurisdiction in this Court ", and " 2. The effect of the Florida decree upon the marital status of the parties." As to the second question, the Surrogate concluded: " The second question has now been eliminated, as the proof shows clearly, and indeed it seems now to be conceded, that the decree was not one of divorce, and that consequently the contestant, at the time of decedent's death was legally his wife."

The validity of the antenuptial contract depends upon the law of the place where the agreement was made. (*Bonati* v. *Welsch*, 24 N. Y. 157; *Decouche* v. *Savetier*, 3 Johns. Ch. 190; *Crosby* v. *Berger*, 3 Edw. Ch. 538.) In Florida, antenuptial agreements releasing dower rights, if fairly made with full disclosure of the property interests affected, are valid. (Fla. Stat. Ann., § 693.02; *North et al.*, v. *Ringling*, 149 Fla. 739, 748–750.)

In *Weeks* v. *Weeks* (143 Fla. 686), where it was held that the separation agreement here involved was invalid at least because marital relations had been resumed, the highest court in the State went on to say that it might have been held invalid because the husband had at all times withheld from the wife his true financial worth and status and that the rule requiring full and fair disclosure of the financial condition of the parties applies both to antenuptial property agreements and to separation agreements. In support of this latter proposition the court

cited *Murdock* v. *Murdock* (219 Ill. 123), and other Illinois decisions, as well as *Egger* v. *Egger* (225 Mo. 116) and *Tilton* v. *Tilton* (130 Ky. 281).

While these statements of the law by the highest court of the State were not necessary to the actual disposition made of *Weeks* v. *Weeks,* they were carefully considered and deliberately made, and, in the absence of any authority from that State to the contrary, must be taken as indicating the local law.

In the Surrogate's Court these questions were presented upon the very same record embodying all of the testimony in *Weeks* v. *Weeks* and upon additional testimony which also indicated that no adequate disclosure was made by the husband of his financial and property interests and that the wife was not advised by independent counsel.

Concluding, as we must upon this record, that the antenuptial agreement in this case was invalid under the law of Florida because the husband's true financial condition was at all times withheld from the wife, all objections to the right of the widow to contest the probate, including the claim of estoppel, must be overruled.

Accordingly, the order of the Appellate Division and the decrees of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion, with costs in all courts to all parties appearing separately and filing briefs, payable out of the estate. [See 294 N. Y. 979.]

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Ordered accordingly.