## NEINKEN v. NEINKEN.

Circuit Court, Dade County.

July 29, 1955.

Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for plaintiff.

Sibley & Davis, Miami Beach, for defendant.

GEORGE L. PATTEN, Circuit Judge.

This is a divorce case brought by the husband. The defendant wife filed her answer and her counterclaim for divorce. Thereafter, she filed an application to the court for temporary alimony, support for the two minor children of the parties, temporary attorneys fees and suit money.

The plaintiff contends that a pre-nuptial agreement signed by both parties the day of their wedding bars the wife's right to such relief. She, on the other hand, contends the agreement is void. The applicable provisions read—

> 1. In the event of the marriage of the parties hereto the second party agrees that in the event of a separation of the parties for any cause, or in event of divorce or separate maintenance proceedings, she will make no claim in such proceedings or any other form of suit or

action for alimony, suit money, support or any other like claim of the first party, his heirs or assigns, and the second party hereby relinquishes and renounces all of her right to any such alimony, suit money or support of any kind or nature in event of separation of the parties for any cause after their marriage or in event they shall live apart for any reason whatsoever.

2. The second party further renounces any right of dower in or to any of the stock of first party in Champion Pants Manufacturing Company, Inc., a New York corporation, or any claim whatsoever in or to the assets of said corporation or any part thereof.

From the testimony and proofs submitted by the parties the court finds that the agreement is void because of the circumstances surrounding its execution and that same is invalid because of its provisions as a matter of law.

A husband is required to make a full and fair disclosure to his wife of his assets so that she is in a position to intelligently consent to or refuse a proffered marriage contract. See Weeks v. Weeks (Fla.), 197 So. 393.

The testimony before this court as adduced by both parties, conclusively shows that the husband not only did not disclose, but concealed information of his assets from his wife at the time the agreement was signed.

An agreement that comes about as a result of a contemplated or accomplished separation is presumptively valid as it does not lead to or promote a breach of the marital relationship, which breach has already occurred. But, *an agreement that facilitates a future contemplated separation and is conducive to it, is void as against public policy.* This is especially true when one party will gain monetarily from the separation. See Fincham v. Fincham (Kas.), 165 P. 2d 209; 17 C.J.S. Contracts, sec. 235B. In this case the husband could cause a separation of the parties at any time, and benefit, financially, even though the wife may not have been guilty of any wrongdoing, by bringing about such separation arbitrarily. He could cause her to lose all of her legal rights for support and maintenance which result not from a contract between the parties, but which stem legally from the marital relationship. He could cause his wife to lose her legal right to dower, if the agreement is upheld by this court, regardless of any fault on the part of the wife and regardless of the length of time that the parties had been married before the separation took place. Such a result should not be brought about by a court of equity.

The evidence before this court further discloses (though it is disputed by the husband) that the husband, in accordance with

defendant's request, physically destroyed the agreement, or a purported copy thereof, some 15 months after the marriage. She claims, and the court so finds, that the destruction came about as a result of the promise by the husband to destroy the paper after showing it to his parents. He admitted that immediately after the agreement had been signed, he did show it to his parents and left it in their custody. While it is obvious that the original of the agreement was not destroyed, as it has been introduced in this court in evidence, the court finds that symbolic destruction did take place and is sufficient.

I therefore find the pre-nuptial agreement void and unenforceable. The defendant's petition for temporary alimony, support, attorneys fees and suit money is granted.

The standard of living enjoyed by the parties is not disputed. The plaintiff has an income of approximately $52,000 a year. The family lived in a style warranted by such income.

It is therefore ordered, adjudged and decreed as follows—(1) The plaintiff is ordered to pay the sum of $250 per week to the defendant beginning August 1, 1955. (2) The plaintiff is ordered to pay the sum of $750 to Sibley & Davis, attorneys for the defendant, as temporary attorneys fees within 7 days from the date hereof. (3) The plaintiff is ordered to pay the bills (listed on the attached addendum) incurred by the defendant for necessities for her and the minor children of the parties within 30 days from the date hereof.