PER CURIAM.
The first marriage between the parties was dissolved on October 31, 1980. The judgment of dissolution incorporated a property settlement agreement which provided, inter alia, that the father pay certain weekly child support payments and that “[rjeconciliation shall not effect [sic] the provisions of this agreement .... ” When the parties remarried on July 1, 1984, the father owed $4,065 in child support. In 1985, the parties separated again; the wife, in a proceeding unrelated to her new petition for dissolution, moved for a judgment for the child support arrears and to have the husband held in contempt for his failure to pay. In an order dated August 16, 1985, the trial court denied the relief requested, finding that “[t]he subsequent marriage between the parties herein renders null and void all matters concerning child support, child custody and child support arrearages in connection with that certain Final Judgment of Dissolution of Marriage dated October 31,1980....” The wife appeals.
There is little question that, contrary to the wife’s contention, she was not entitled to continue to receive child support payments under the 1980 judgment after the parties remarried on July 1, 1984. Such reconciliation put an end to the husband’s responsibilities to further pay moneys pursuant to the 1980 judgment, see Weeks v. Weeks, 143 Fla. 686, 197 So. 393 (1940); Mills v. Mills, 460 So.2d 545 (Fla. 1st DCA 1984); Zullo v. Zullo, 317 So.2d 453 (Fla. *823 3d DCA 1975), notwithstanding the parties’ agreement that reconciliation shall have no effect. In our view, however, the 1984 remarriage had no effect on the husband’s obligation to pay moneys already due under the 1980 judgment. The wife was thus entitled to a judgment for $4,065 in child support owed as of July 1, 1984, and, in this respect, the parties’ express agreement that reconciliation shall have no effect is fully operative.
The order of the trial court is affirmed in all other respects, including that part of the order denying the wife’s motion for contempt.
Affirmed in part; reversed in part, with directions to enter judgment for the wife on account of child support arrears due as of July 1, 1984.