546 So.2d 1075 (1989)
Joseph DELGADO, Appellant,
v.
Laura Cal COTTA de LOPEZ, As Personal Representative of the Estate of Maria Teresa Cotta-Benitez, Appellee.
No. 88-2018.
District Court of Appeal of Florida, Third District.
June 6, 1989.
Rehearing Denied August 16, 1989.
*1076 Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellant.
Gladys R. Navarro, Santiago G. Leon, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Maria Teresa Cotta-Benitez and Joseph Delgado were married in 1977. In 1983, Maria filed a petition for dissolution of marriage. Joseph was served personally; however, he did not file an answer. During the pendency of the divorce action, the parties entered into a property settlement in which each party waived all rights "that he or she may now have or hereafter acquire as the other party's spouse ... to elect to take against any Will or Codicil of the other party now in force ...; to share in the other party's estate and to exercise any right to dower or curtesy." See § 732.702, Fla. Stat. (1987). The property settlement was incorporated in the final judgment of dissolution of marriage entered on May 30, 1984.
In 1985, the parties remarried each other and remained married until Maria's death on April 1, 1987. Following the submission of Maria's will for probate, Joseph filed a petition to take an elective share of Maria's estate, see § 732.201, and for determination of homestead in certain real property. The court entered an order declaring Joseph Maria's surviving and pretermitted spouse in accordance with sections 732.201 and 732.301, but ruled that Joseph waived his rights under section 732.702. Consequently, the court denied the petition to take an elective share and to determine homestead. Subsequently, Joseph's counsel discovered a written agreement signed by Joseph and Maria on March 22, 1984. In that agreement, the parties revoked the property settlement agreement. Acting on the new disclosure, the court vacated its order, took testimony, and considered the newly discovered agreement and other documents pertaining to the divorce action. The court entered an order granting the motion for judgment on the pleadings filed by Laura Cal Cotta de Lopez, personal representative under Maria's will. Joseph appeals and we reverse.
In Weeks v. Weeks, 143 Fla. 686, 691, 197 So. 393, 395 (1940), the Florida Supreme Court stated "[i]t appears to be well settled that reconciliation of husband and wife and resumption of marital relations for any period of time will render a previous contract and settlement of property rights void... ." See also Mills v. Mills, 460 So.2d 545 (Fla. 1st DCA 1984); Zullo v. Zullo, 317 So.2d 453 (Fla. 3d DCA 1975), writ discharged, 342 So.2d 77 (Fla. 1977). This court has held that Weeks applies when the parties remarry each other, Weston v. Weston, 483 So.2d 822 (Fla. 3d DCA 1986); Carter v. Carter, 309 So.2d 625 (Fla. 3d DCA 1975), and that the Weeks rule is applicable when the property settlement agreement has been incorporated into the final judgment of dissolution. Weston. Applying these principles, we hold that where, as here, the parties have remarried, the remarriage renders the waiver provision of the property settlement agreement unenforceable. Our resolution of this issue obviates the need to reach the question of the effect of the revocation on the separation agreement. We reverse and remand for further proceedings consistent with this *1077 opinion.[1]
Reversed and remanded.
NOTES
[1] In her cross-appeal, Laura Cal Cotta de Lopez argues that the trial court erred in failing to award attorney's fees to the estate. We find no merit in this contention.