DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GLENN R. STEPHANOS,**
Appellant,

v.

**DIANE LYNN STEPHANOS,**
Appellee.

Nos. 4D19-1276, 4D19-1378 and 4D19-1979

[June 24, 2020]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502013DR007061XXXXNB.

Benjamin T. Hodas and Brendon Carrington of Fisher Potter Hodas, PL, West Palm Beach, for appellant.

Joel M. Weissman, Sarah A. Vitulli and Ashley M. Johnson of Joel M. Weissman, P.A., West Palm Beach, for appellee.

KUNTZ, J.

The Former Husband timely appeals three separate orders in this consolidated appeal. We agree with the Former Husband that the circuit court erred in treating the parties' 1996 agreement as a marital settlement agreement instead of a postnuptial agreement. Our resolution of that issue renders the remaining substantive issues on appeal moot. As a result, we reverse the final judgment of dissolution (4D19-1276), the final money judgment in the Former Wife's favor (4D19-1378), and the June 17, 2019 order directing the clerk to issue writs of garnishment (4D19-1979).

### *Background*

The Former Wife and Former Husband married in 1977. They briefly separated sometime around 1994 to 1995 but reconciled and resumed living together.

In December 1996, while still married and not separated, they executed the agreement that is the subject of this appeal ("the 1996 Agreement").

When they entered into the 1996 Agreement, they were not contemplating divorce. They executed the agreement because the Former Wife's family wanted to protect her assets.

Almost seven years later, the parties separated again. The Former Wife petitioned for dissolution, and the Former Husband counter-petitioned. Just short of seven months later, the parties again reconciled and dismissed their petitions, continuing to live together as married ("the 2003 reconciliation").

Ten years later, the Former Husband petitioned for dissolution, the petition in this action. The Former Husband sought to enforce the 1996 Agreement and asked the court to set apart nonmarital assets and liabilities. The Former Wife filed an answer and counter-petition, asserting that the 1996 Agreement was void.

The Former Wife moved for summary judgment on her defense that the 1996 Agreement was void, arguing that, under *Weeks v. Weeks*, 197 So. 393 (Fla. 1940), and *Cox v. Cox*, 659 So. 2d 1051 (Fla. 1995), the "executory provisions" of the 1996 Agreement were voided by the parties' 2003 reconciliation because the 1996 Agreement "does not contain an explicit statement that reconciliation or remarriage will not abrogate the executory provisions of the Agreement."

The court held a hearing and granted the Former Wife's motion for summary judgment. The court's only finding was that the executory provisions of the 1996 Agreement were void based on *Weeks* and *Cox*. But the court did not specify which provisions were executory.

The case was reassigned multiple times to several circuit judges and all made substantive rulings. Judge Amy Smith entered the summary judgment order. Judge Howard Coates later agreed with the Former Husband that there are differences between postnuptial agreements and marital settlement agreements but declined to modify Judge Smith's summary judgment order. In declining to modify Judge Smith's order, Judge Coates noted that Judge Smith considered the issue on at least three occasions.

A third judge, Judge Samantha Schosberg Feuer, ultimately entered the 43-page final judgment of dissolution that the Former Husband appeals. In the final judgment, Judge Schosberg Feuer declined to "readdress any decision by the predecessors of th[e] [c]ourt regarding the efficacy of the" summary judgment order.

2

### *Analysis*

On appeal, the Former Husband raises four substantive issues. Our resolution of the first renders the remainder moot. For his first issue, the Former Husband argues that the court incorrectly ruled that the executory provisions of the 1996 Agreement were voided by the parties' 2003 reconciliation. He argues that rule applies only to marital settlement agreements, not to postnuptial agreements. We agree.

"Postnuptial agreements regarding alimony and marital property are properly enforceable in dissolution proceedings." *Casto v. Casto*, 508 So. 2d 330, 333 (Fla. 1987). Only two grounds allow a spouse to vacate or modify a postnuptial agreement, and it is undisputed that neither ground applies in this case. *See id.* at 333–34.

The issue in this appeal is the applicability, or existence, of a third ground to vacate or modify a postnuptial agreement. In *Weeks v. Weeks*, 197 So. 393 (Fla. 1940), the supreme court answered a certified question: "Does a resumption of the marital relation abrogate a separation agreement?" *Id.* at 394. The court answered in the affirmative:

> It appears to be well settled that reconciliation of husband and wife and resumption of marital relations for any period of time will render a previous contract and settlement of property rights void and that in the absence of divorce a separation contract between husband and wife is abrogation of the marital relation.

*Id.* at 395 (citations omitted).

In *Cox v. Cox*, 659 So. 2d 1051 (Fla. 1995), the supreme court clarified that the holding in *Weeks* only applies to executory provisions:

> While *Weeks* announced a rule that reconciliations will void marital settlement agreements, it did so in the context of considering the viability of an executory provision of such an agreement. . . .
>
> . . .
>
> [W]e hold that reconciliation or remarriage abrogates the executory provisions of a prior marital settlement agreement unless there is an explicit statement in the agreement that the parties intended otherwise. However, we hold that the

> executed provisions of a prior marital settlement agreement are not affected by reconciliation or remarriage absent a reconveyance or a new written agreement to the contrary.

*Cox*, 659 So. 2d at 1054 (footnote omitted). The supreme court explained its reasoning: "Ordinarily, parties in the throes of a dissolution who enter into a settlement agreement are not contemplating reconciliation or remarriage. By the same token, parties who have decided to reconcile or remarry cannot be expected to be thinking about a subsequent dissolution." *Id.*

Here, the Former Husband correctly argues that *Weeks* and *Cox* do not apply to the 1996 Agreement—a postnuptial agreement executed while the parties were still married and not contemplating separation or dissolution. The Former Wife argues the Former Husband's position prioritizes form over substance and should not bar application of *Weeks* and *Cox*.

But *Cox*'s holding—that reconciliation or remarriage abrogates executory provisions—applies specifically to a "prior marital settlement agreement," not to a postnuptial agreement. *See* 659 So. 2d at 1054. In *Cox*, the parties' agreement was made after they "experienced marital difficulties," and it was incorporated into the first final judgment of dissolution. *Id.* at 1052.

Similarly, the two cases from this Court applying *Cox* involved situations where a marriage was breaking down. In *Matos v. Matos*, 932 So. 2d 316 (Fla. 4th DCA 2006), after marital problems arose, the parties "went to a lawyer/mediator to work out a 'settlement.'" *Id.* at 317. The parties "resumed marital life" after working out a settlement but, two years later, the husband petitioned for dissolution. *Id.* And in *Slotnick v. Slotnick*, 891 So. 2d 1086 (Fla. 4th DCA 2004), the parties' first judgment of dissolution included a marital and property settlement agreement. *Id.* at 1087. The parties remarried one year later, but the wife then petitioned for dissolution. *Id.*

*Matos* and *Slotnick*, like *Cox*, involved agreements entered into during a period when the parties were contemplating dissolution or separation. *See also Hellard v. Siegmeister*, No. 3D17-2175, 2019 WL 5406530, at *1, *4 (Fla. 3d DCA Oct. 23, 2019); *Burroughs v. Burroughs*, 921 So. 2d 802, 803–04 (Fla. 1st DCA 2006); *Baird v. Baird*, 696 So. 2d 844, 845, 846 (Fla. 2d DCA 1997). Here, the parties were not separated or contemplating dissolution when they entered into the 1996 Agreement.

The holding in *Cox* does not apply here.  The record shows that both parties agreed that the 1996 Agreement was executed while the marriage was intact and while the parties were not imminently considering divorce.  Thus, the 1996 Agreement was a postnuptial agreement in both form and substance.  Because *Cox* does not apply, the entire 1996 Agreement is enforceable and should be applied in distributing the parties' assets and liabilities.

## *Conclusion*

The court erred when it concluded that the executory provisions of the 1996 Agreement were unenforceable.  As a result, we reverse the court's final judgment of dissolution, final money judgment, and order directing the clerk to issue writs of garnishment, and we remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

5