HERBERT V. MILLER v. WEST PALM BEACH ATLANTIC
NATIONAL BANK, as Executors, *et al.*

194 So. 230
Division A
Opinion Filed February 23, 1940
Rehearing Denied March 12, 1940

*Edwin T. Osteen* and *John Ziegler,* for Appellant;

*F. A. Currie,* for Appellee.

PER CURIAM.—Appellant, plaintiff below, entered into a separation agreement with his wife in 1928 whereby his wife released all her interests in his property and any claims which may accrue to her for alimony or separate maintenance. Appellant, in consideration of this agreement, conveyed a house and certain lots to his wife. It appears that the property had been before that time a homestead, and that the deed was signed by the husband alone. A few months after this agreement was entered into the parties affected a reconciliation, and began to live together again. Applications were made to the tax assessor for homestead exemptions on the property, said applications being granted.

On April 30, 1938, the wife made her will, in which the property she received under the separation agreement was devised to her trustee and executor to be used for the trust purposes set out in the will. Pursuant to the will the trustee and executor attempted to sell the property but the husband was in possession thereof and refused to allow the sale. The parties entered into an agreement whereby the property was sold and the proceeds held by appellee pending the final adjudication of the rights of the parties.

Appellant filed bill of complaint in the Circuit Court of Palm Beach County, alleging that the deed to his wife was void for failure of consideration and that the reconciliation

had vitiated the entire transaction. On motion, the amended bill was dismissed, and appellant declined to plead further, final judgment was entered against him. It is from that judgment that this appeal is taken.

The first question we are to decide is whether or not the deed from husband to wife was void, inasmuch as the property was alleged to be homestead property at the time it was conveyed.

In Lanier v. Lanier, 95 Fla. 522, 116 So. 867, Judge STRUM, speaking for the Court on rehearing, said:

"It is equally as well settled * * * that a permanent abandonment of the homestead as a bona fide home and place of permanent abode strips it of its homestead character. A homestead is abandoned by taking up a permanent abode at a distant place. Whether there has been an abandonment of a homestead so as to deprive it of its status as such under the Constitution should be determined by a consideration of all the pertinent facts and circumstances of each case. Nelson v. Hainlin, 89 Fla. 356, 104 So. 589. The character of property as a homestead depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence."

When the husband made the deed to his wife it was his intention to permanently abandon the property as his home, and pursuant to the agreement he did actually live separate and apart from his wife for a period of several months. Taken together, these constitute an abandonment of the homestead, and remove the disability imposed by the Constitution of the alienation of such property.

Appellant contends that by subsequent reconciliation of the parties, the agreement and deed have been vitiated. In Baird v. Connell, 121 Iowa 278, 96 N. W. 863, it was held that where the contract was executory it was rescinded by

reconciliation as to such of it as was executory; but as to that part which was executed, reconciliation cannot rescind, and the contract is good and binding as to that part.

In a separation agreement whereby the husband, to provide for the support and maintenance of the wife, conveys property to a trustee in trust to pay the income thereof to the wife for her natural life, and, upon her death, to convey the property to her husband if living, and if not, then to his heirs at law, amounts to a "separation settlement * * * similar in its legal aspects to a marriage settlement," and is not abrogated by the subsequent reconciliation and cohabitation of the husband and wife. Smith v. Terry, 33 App. Div. 394, 56 N. Y. Supp. 630, and affirmed on opinion below in 166 N. Y. 632, 60 N. E. 1120. "If an agreement between husband and wife providing for their separation goes beyond the terms of a mere separation deed, and is in effect a good voluntary settlement by the husband on his wife, a subsequent reconciliation between the parties cannot affect the agreement so far as it constitutes a settlement and hence the settlement must stand notwithstanding the reconciliation." 40 A. L. R. 1233, citing many English and American cases.

In Dudley v. Fifth Ave. Trust Co., 115 App. Div. 396, 100 N. Y. Supp 934, affirmed in 188 N. Y. 565, 80 N. E. 1109, the wife had executed an assignment of an insurance policy on his life to her husband, when by the terms of the policy, it was payable to her if she survived him. The court, in holding that this contract, the benefits of which were not to be realized until sometime in the future, was abrogated by subsequent reconciliation, made the following statement:

"If the wife, in consideration of the separation agreement, had conveyed to a trustee or other person a piece of real estate, the title and right of enjoyment and possession

would have passed at once to the grantee and would not have reverted by the mere fact of reconciliation without a reconveyance."

Though dicta in the Dudley case, this is a correct statement of the law as applicable to our case. Here the agreement was in the form of a settlement rather than a separation agreement. Being an executed contract and in the nature of a settlement, and title and right of possession having passed, the subsequent reconciliation does not abrogate the deed, and the proceeds from the sale of the property should go to the trustee and executor of the estate of appellant's wife. In many of the cases it is held that where a subsequent reconciliation has been affected, the intention of the parties will govern on the question of whether or not the agreement is abrogated. In this case, it was certainly not the intention of the wife that the settlement be abrogated because under her will she named the lots deeded to her by her husband as part of the property which was to go to her executor and trustee to be used for the purposes of the trust created in her will.

It appears on the face of the bill of complaint that the deed was a good and valid one placing title in appellant's wife, and appellant being estopped to deny that title, the motion to dismiss was properly granted. No error appearing in the record, the judgment of the trial court should be, and is, hereby affirmed.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.