362 So.2d 447 (1978)
COPLAN PIPE & SUPPLY CO., INC., a Florida Corporation, Appellant,
v.
CENTRAL BANK & TRUST COMPANY, a Banking Corporation, Sunrise Point, Inc., a Florida Corporation, and Boys Electric Corporation, a Florida Corporation, Appellees.
No. 77-1756.
District Court of Appeal of Florida, Third District.
September 12, 1978.
Rehearing Denied October 6, 1978.
*448 Herman Grayson, Miami Beach and Frank M. Brezina, Miami, for appellant.
Shevin, Shapo & Shevin and David A. Freedman, Miami, for appellees.
Before HENDRY and HUBBART, JJ. and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant/plaintiff appeals from a summary final judgment entered in favor of appellees/defendants in a mechanics lien foreclosure. We reverse.
Appellant, a materialman which supplied plumbing materials to a condominium project known as Sunrise Point, filed a mechanics lien foreclosure suit against appellees Sunrise Point, Inc., the general contractor of the project; Central Bank & Trust Company, the fee simple owner (in trust) of the project; and others, for the cost of various materials it had delivered to the project which had not been paid for by the plumbing sub-contractor (not a party herein).
Prior to filing the aforementioned foreclosure suit, appellant filed a separate breach of contract suit against the general contractor, Sunrise Point, Inc., alleging that by virtue of a separate agreement with the general contractor, the latter was to pay the sub-contractor's debt to appellant in exchange for the continued delivery to the project of certain materials furnished by appellant. Certain conditions, including a timely completion date, were made prerequisites to the agreement's effectiveness.
Subsequently, the breach of contract suit proceeded to jury trial whereupon, at its conclusion, a jury returned a verdict in favor of the general contractor, Sunrise Point, Inc. Implicit in the verdict was the jury's determination that pursuant to the agreement, appellant had failed to meet certain of the preconditions required as a prerequisite to the enforcement of the agreement.
After the verdict was rendered in the contract suit, appellees amended their answer in the mechanics lien foreclosure suit to add the affirmative defenses of election of remedies, collateral estoppel, estoppel by judgment and res judicata, relying upon the adverse judgment rendered against appellant in the contract suit. Appellees thereupon moved for summary judgment based *449 upon the above named defenses. Summary judgment was subsequently entered in favor of appellee based upon estoppel by judgment. From that summary judgment, this appeal has been taken.
Collateral estoppel, or estoppel by judgment, is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them. Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla. 1977). Sub judice, the issues in the breach of contract action were entirely different from the issues in the mechanics lien foreclosure case, thus precluding the reliance upon the doctrine of estoppel by judgment. See Remington Construction Co. v. Hamilton Electric, Inc., 181 So.2d 183 (Fla.3d DCA 1965).
Accordingly, summary judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded for further proceedings.