399 So.2d 410 (1981)
Doris BURDICK, Appellant,
v.
Isadore BURDICK, Personal Representative of the Estate of Samuel Burdick, Deceased, Appellee.
No. 80-1551.
District Court of Appeal of Florida, Third District.
June 2, 1981.
*411 Allen Kornblum, Hialeah, and Larry Rothenberg, Pembrook Pines, for appellant.
Malspeis, Lococo, Brown & Schwartz and Jay D. Schwartz, N. Miami, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
BASKIN, Judge.
The resolution of this appeal from an order denying a widow's residence homestead status on the ground that her husband had abandoned the homestead prior to his death depends upon an unusual set of circumstances. We hold that the trial court erred in failing to apply the law of the case established by prior court orders, and we reverse.
Samuel and Doris Burdick lived in a home in Coral Gables. He was forced to undergo surgery for the removal of a tumor. Six months later he left the residence following a "spat", telling Mrs. Burdick that he had taken care of everything, that she had nothing to worry about, and that he would be back. He left most of his clothing and medicine behind. He continued to pay mortgage and utility bills, pool service, insurance, and waste fees as well as payments to prevent interruption of the Miami Herald delivery service. For approximately three months, he lived in an apartment under a one-year lease. Subsequent to another period of hospitalization, he stayed with friends for two weeks. He was again forced to return to the hospital, where he died. No other evidence was presented concerning whether he intended to return to his home. On these facts, the trial court ruled that Mr. Burdick had abandoned the homestead and that the property became an asset of the estate.
*412 Homestead exemption is provided by the Florida Constitution (1968), Article X, Section 4:
HOMESTEAD: EXEMPTIONS  (a) There shall be exempt from forced sale ... the following property owned by the head of a family:
(1) a homestead ... upon which the exemptions shall be limited to the residence of the owner or his family:
(2) personal property to the value of $1,000.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child... .
Additional provisions relating to homestead appear in sections 732.401[1] and 732.4015,[2] Florida Statutes (1977).
In order to be entitled to maintain homestead status on the residence, a wife must not only survive her husband but must also have been a party to a family relationship in existence at the time of the husband's death. In addition, the residence must have been occupied by the family at the time of the husband's death. In re Estate of Van Meter, 214 So.2d 639 (Fla. 2d DCA 1968), aff'd, 231 So.2d 524 (Fla. 1970). A legal duty to support and continued communal living evidence the existence of a family relationship. In re Estate of Van Meter, supra. Homestead status may be waived by abandonment. Nelson v. Hainlin, 89 Fla. 356, 104 So. 589 (Fla. 1925); Beensen v. Burgess, 218 So.2d 517 (Fla. 4th DCA 1969). When homestead status has been acquired, it continues until the homestead is abandoned or alienated in the manner provided by law. Marsh v. Hartley, 109 So.2d 34 (Fla. 2d DCA 1959). Continuous uninterrupted physical presence is not required to create a homestead. Poppell v. Padrick, 117 So.2d 435 (Fla. 2d DCA 1959). Each case must be decided on its own particular circumstances. Marsh v. Hartley, supra.
With these principles in mind, we have examined the record before us. The case originally fell before a predecessor judge on Petition to Set Aside Homestead and Exempt Property, Petition for Family Allowance and Election to Take Elective Share. The material allegations of the petition included statements that, at the time of his death, Mr. Burdick resided at the Coral Gables residence as head of the household consisting of Samuel and Doris Burdick and that she was his surviving spouse. Other allegations contended that the described real property constituted decedent's homestead. These allegations were denied by appropriate pleadings thereby presenting questions of homestead status to Judge Weaver, the prior judge. Judge Weaver entered an order finding that the material allegations of the petition were true and that Samuel Burdick was survived by Doris Burdick, who he was obligated to support and was, in fact, supporting. The court ruled:
Further adjudged that Isadore Burdick the personal representative of the estate of Samuel Burdick, deceased, is authorized and directed to pay any and all expenses, charges, costs, fees and taxes incurred or accrued in connection with the preservation or maintenance of decedent's homestead ... . (emphasis supplied).
In a subsequent order, another judge determined beneficiaries. In that order, the court ruled that the order entered by Judge Weaver was binding since it had not been appealed and had "ended litigation as to the issue of the status of the husband and wife there decided... ." The court stated:
Finally, the courts of this State are committed to the general proposition that a successor judge may not review, modify, or reverse, upon the merits, on the same facts, the final orders of his predecessor, *413 absent mistake or fraud. Groover v. Walker, 88 So.2d 312 (Fla. 1956); Bailey v. Bailey, 204 So.2d 531 (Fla.App. 3rd 1967).
The order now under consideration, however, fails to comport with the court's statements. In the Order on Petition to Set Aside as Homestead, the court found that Judge Weaver had not adjudicated the issue of homestead, and that since the decedent had removed himself from the home without intending to return, the homestead status had been abandoned. In our view, the court erred in failing to follow the language of the prior order entered by the predecessor judge. Furthermore, appellant met her burden of proof and established that no abandonment occurred.
For these reasons, we reverse the order entered by the trial court and remand for further proceedings consistent with this opinion.
NESBITT, Judge (specially concurring):
I concur in the result and judgment rendered by the majority.
The real property in question constituted the homestead of the decedent at the time of his death and, pursuant to Article X, Section 4 of the Florida Constitution and Section 732.4015, Florida Statutes (1977), was not subject to a devise because he was survived by his spouse to whom the real property homestead passed under the law of intestate succession, pursuant to Section 732.401(1), Florida Statutes (1977). There is a presumption against the abandonment of one's homestead, Poppell v. Padrick, 117 So.2d 435 (Fla. 2d DCA 1959), and, in this case, the proponent failed to carry its burden to demonstrate, by clear and convincing evidence, that such an abandonment occurred. Banks v. Banks, 98 So.2d 337, 339 (Fla. 1957). While it is true that the decedent physically left the property, he continued attributes of support on behalf of his wife while she resided in the home, as was his legal duty, which demonstrated that he was a person in charge of communal living of two persons as a family, as a matter of law  if not in fact. See, Crosby and Miller, Our Legal Chameleon, The Florida Homestead Exemption: I-III, 2 U.Fla.L.Rev. 12, 24 (1949).
I entirely disagree with the majority's conclusion that the successor judge was bound by the previous findings or order of his predecessor. While it is true that the order of his predecessor granted the personal representative's petition to preserve and maintain the "decedent's homestead," it did not adjudicate the status of the real property with respect to the homestead. The petition to set aside homestead was the only pleading which ever placed in issue the homestead status of the real property, and that petition was ruled upon only by the successor judge. Under the doctrine of collateral estoppel, only "issues actually litigated" are set to rest. Coplan Pipe & Supply Co., Inc. v. Central Bank & Trust Company, 362 So.2d 447 (Fla. 3d DCA 1978). Consequently, the successor judge was in error when he relied upon the predecessor's order regarding the "decedent's homestead" in entering an order determining decedent's heirs and beneficiaries and finding that his surviving spouse was, in fact, his lawful wife. In other words, the three separate petitions: (a) to preserve and maintain the decedent's property; (b) to determine heirs and beneficiaries; and (c) to set aside homestead, presented separate and distinct issues to the various judges in the probate division.
Finally, if the above reasoning is not satisfactory, then there is one which most assuredly is. Our present determination, that the real property in question was clothed with the homestead status at the time of the decedent's death and thereby not subject to devise, manifestly demonstrates that the property in question was neither a probatable asset over which the personal representative had any right of possession nor did the probate court even have jurisdiction over it. Spitzer v. Branning, 135 Fla. 49, 184 So. 770 (1938); Raulerson v. Peeples, 77 Fla. 207, 81 So. 271 (1919).
Consequently, the order of the predecessor judge finding the property in question was the decedent's "homestead" was a brutum fulmen.
NOTES
[1] Provides for descent of homestead with a life estate to the surviving spouse and vested remainder to lineal descendants.
[2] Provides that homestead shall not "be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner's spouse if there is no minor child."