409 So.2d 157 (1982)
William M. DEAN, Gary W. Dean and Jerry Daniel Dean, Appellants,
v.
Willie Hazel Dean HEIMBACH, Appellee.
No. AC-320.
District Court of Appeal of Florida, First District.
January 28, 1982.
*158 Paul G. Komarek, Panama City, for appellants.
Thayer M. Marts of Watkins, Hill & Marts, Tallahassee, and Herman D. Laramore, Marianna, for appellee.
WIGGINTON, Judge.
William Dean and his sons appeal from a final judgment that set aside two conveyances of their Jackson County home and reverted ownership to the senior Dean, subjecting the property to attachment by Dean's personal judgment creditor. Because the property was Dean's homestead and therefore exempt from attachment, we must reverse.
The trial judge found that no valid homestead existed at the time Dean conveyed the property because he had abandoned it. The record shows that Dean was divorced but owned the home and occupied it with his 16-year-old son whom Dean supported. Shortly before Dean conveyed the property, he was hospitalized and then arrested on criminal charges and as a condition of bail he was required to temporarily remove himself from Jackson County. During his brief stay in Gulf County, Dean conveyed the home to his oldest son Gary, who, with his wife, moved into the home and continued the care of Jerry. Dean's unrefuted testimony established that he intended to return to the property after his criminal problems were resolved. Such an involuntary absence cannot, by itself, support a finding of abandonment of the homestead. See Stokes v. Whidden, 97 Fla. 1057, 122 So. 566 (1929). To preserve a homestead, the family head is not required to remain on the property, so long as his absence is temporary and he intends to return. See e.g., Read v. Leitner, 80 Fla. 574, 86 So. 425 (1920). The homestead will also be preserved when the family unit is temporarily removed from the homestead but the homestead remains the permanent abode to which the family unit intends to return. See Beensen v. Burgess, 218 So.2d 517 (Fla. 4th DCA 1969).
Therefore, we must reverse the finding of abandonment, and in so doing we must also reverse the final judgment and dismiss the suit, despite the judge's conclusion  otherwise amply supported by the evidence  that Dean had fraudulently conveyed the property to protect it from execution by his judgment creditor. In addressing *159 this issue the supreme court has succinctly stated: "This Court is committed to the doctrine that the transfer of homestead property is not a fraud on creditors." Bessemer Properties, Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832, 833 (1946). Dean could not legally defraud a creditor by transferring homestead assets, because those assets were beyond the creditor's reach. See article X, sec. 4, Florida Constitution.
A judgment creditor therefore acquires no rights in homestead property and the judgment debtor can only commit fraud on his judgment creditors by disposing of such property as the creditor would have a legal right to look to for satisfaction of his claim. Sneed v. Davis, 135 Fla. 271, 184 So. 865 (1938). The court in Sneed stated:
[A] sale, gift or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights. Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims, even though such dealings are with a purpose to hinder, delay or defraud them. At 868.
In the instant case, Dean's property is exempt as a homestead thus he could transfer title without committing a fraud upon his judgment creditor whether or not he harbored ill motives. Dean's property was unavailable for satisfying the judgment creditor's claim before and at the time of the conveyance and thus equally unavailable following the transaction. See Volpitta v. Fields, 369 So.2d 367 (Fla. 4th DCA 1979); cert. denied, 379 So.2d 204 (Fla. 1979). See also Nationwide Financial Corp. of Colorado v. Thompson, et al., 400 So.2d 559 (Fla. 1st DCA 1981) and authorities cited therein.
Accordingly, judgment is REVERSED and this cause is DISMISSED.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.