PER CURIAM.
This is an appeal from a final judgment entered in a probate proceeding below on September 16, 1981, wherein the personal representative of a decedent’s estate [appel-lee Isadore Burdick] is authorized to recover $44,155.72 from the decedent’s widow [appellant Doris Burdick], We reverse.
Without dispute, the above $44,155.52 was paid by the above personal representative to the decedent’s widow pursuant to a prior final order of the court dated November 21, 1977, which was never appealed by any party. See Burdick v. Burdick, 399 So.2d 410 (Fla.3d DCA 1981). Almost four years later, the trial court substantially modified that final order by requiring the decedent’s widow to disgorge $44,155.52 *942 paid thereunder; this was done by court order pursuant to a motion filed by the personal representative in the nature of a motion for relief from judgment under Fla. R.Civ.P. 1.540. This was error as the motion stated no colorable grounds for relief under Fla.R.Civ.P. 1.540. See e.g., Val Bostwick v. Cowan, 326 So.2d 454 (Fla.1st DCA 1976). Moreover, we are unpersuaded that, in the context of this case, the trial court had any other authority to modify the subject final order as it did. All agree, however, that the November 21, 1977 court order no longer has any prospective application insofar as it requires the estate to pay the widow maintenance expenses for her homestead property.
The final judgment under review is, accordingly, reversed and the cause is remanded to the trial court for further proceedings.