**Susan A. MALLOY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant,**

v.

**Susan A. MALLOY, John E. Malloy, Jr., Moralmar Kitchen Cabinets, Sun Bank, Brod Moore Development, Inc., Standard Concrete Corp., Boynton Builders Supply, Inc., South Florida Air Condition Service, Inc., Doby Builders Supply, Inc., Florida Power & Light Co., Work World, Inc., and Drywall Interiors, Inc., Defendants on Counterclaim.**

**No. 88–8270–CIV.**

United States District Court,
S.D. Florida.

July 10, 1990.

Stephen R. Gladstone, Fort Lauderdale, Fla., for plaintiff.

Mark Stier, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER DENYING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon Plaintiff SUSAN MALLOY'S Motion for Summary Judgment and Defendant UNITED STATES OF AMERICA'S Motion for Summary Judgment.

THE COURT has heard oral argument on both motions, considered the memoranda submitted in support and opposition thereto and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Defendant's Motion be, and the same is hereby DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion be, and the same is hereby GRANTED. Accordingly, it is further

ORDERED AND ADJUDGED that the Federal Tax Lien entered against the subject property described in the Plaintiff's Third Amended Complaint be, and the same is hereby REMOVED and title to the subject property is quieted in Susan Malloy's name as against the United States.[1] It is further

---

1. Although the Court requested and received further briefing on whether the tax lien was

ORDERED AND ADJUDGED that the plaintiff move for default and final judgment, within 20 days herefrom, as against all third party defendants who have failed to Answer or otherwise respond to the Counterclaim. Lastly, it is

ORDERED AND ADJUDGED that all third party defendants claiming an interest in the subject property other than a previously filed interest as a mortgagee file within twenty days herefrom a memorandum stating its position as to its interest and or liability in this litigation.

## I

### UNDISPUTED FACTS:

On June 29, 1983, John Malloy, pursuant to a quit claim deed and a property settlement agreement executed by John Malloy and his wife Susan, transferred Johns's interest in a number of properties in Palm Beach County to Susan Malloy.[2] This transfer of property took place in anticipation of a divorce between the Malloys and subsequent to the filing by the Malloys of a Petition for Dissolution of Marriage in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. The parties, however, despite filing the petition for divorce in 1983, never actually dissolved their marriage, and, in fact, reconciled in May of 1984. On June 29, 1983, Susan Malloy transferred the subject property to herself as Trustee for her minor children. On May 11, 1984, pursuant to an Order issued by the Circuit Court, in and for Palm Beach County, the deeds transferring the properties to Susan Malloy as trustee were nullified and fee simple ownership of the subject properties reverted back to Susan Malloy. In consideration for the nullification of the said deeds and to effectuate her intent to provide for her minor children in the event of her demise, the Circuit Court required that Susan acquire and maintain in full force and effect a life insurance policy, naming as irrevocable beneficiaries her minor children in the face amount of $868,000.00. Plaintiff maintains such a policy in full force and effect to this day.

On April 1, 1985, pursuant to Section 6672 of the Internal Revenue Code, a delegate of the Secretary of the Treasury made an assessment against John Malloy, for the trust fund portion of the unpaid federal employment taxes of Sun Management International, Inc. in the amount of $40,206.50. An additional assessment of $7,964.54 in interest related to the above 100% penalty assessment was made against John Malloy on December 29, 1986. On the 14th day of November, 1985, a Notice of Federal Tax Lien was issued against Susan Malloy, as nominee of John Malloy, for the 1985 section 6672 assessment. The tax lien encumbered the real property located in Palm Beach County in which John Malloy had transferred any and all interest he possessed to Susan Malloy in 1983.

### PROCEDURAL HISTORY:

Susan Malloy commenced the present action to quiet title in and to the real property which had been transferred to her pursuant to the Property Settlement Agreement and to remove the cloud on title caused by the notice of federal tax lien issued against her as nominee of her husband. The defendant United States brings counterclaims in which it asks the court to do the following: 1) reduce to judgment the outstanding federal tax liabilities; 2) set aside a fraudulent transfer of property; 3) foreclose a federal tax lien; and 4) enter a judgment for any tax liability not satisfied by the foreclosure. The Plaintiff moves for summary judgment on her action to quiet title to the subject property. Defendant United States opposes the motion for summary judgment by arguing that material issues remain in dispute as to whether the subject property was fraudulently conveyed from John to Susan Malloy. In addi-

---

valid on its face, the Court finds that it does not have to address this issue in this Order.

**2.** The properties are described by the parties to this action as:

Lots 23, 24, 25, 26 and 27, Block 28, and Lots 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39, Block 34, Del–Raton Park, Palm Beach County, Florida, according to the Plat thereof, as recorded in Plat Book 14, at Page 10, of the Public Records of Palm Beach County, Florida.

tion, the defendant United States moves for summary judgment as to its claim that the reconciliation of John and Susan Malloy rendered the property settlement agreement void, placing the property at issue back in the sole ownership of John Malloy. The Court will first address the defendant's motion for summary judgment.

## II

█ Defendant argues that the Malloys' reconciliation voided the property settlement agreement under Florida law, thereby placing ownership of the property back with John Malloy. As support for its position, the defendant relies upon *Weeks v. Weeks*, 143 Fla. 686, 197 So. 393 (1940), which they claim stands for the proposition that reconciliation of husband and wife will render a previous separation contract and settlement of property rights void. The plaintiff disputes the defendant's analysis of the Florida law on this issue citing *Miller v. West Palm Beach Atlantic National Bank*, 142 Fla. 22, 194 So. 230 (1940). In *Miller*, the Florida Supreme Court held that if an agreement between a husband and his wife providing for their separation goes beyond the terms of their separation and is, in effect, a voluntary settlement between the husband and the wife, subsequent reconciliation between the parties cannot affect the agreement so far as it constitutes a settlement of property rights.

The court concludes that the reconciliation of the Malloys did not void the transfer of the subject properties from John to Susan Malloy. A district court, in deciding issues of state law, is bound by the holdings of the highest court of the state. In this case, the Court finds that the *Miller* decision, cited *supra*, constitutes the latest and clearest statement by the Florida Supreme Court as to the effect of reconciliation upon a property settlement agreement entered into by a husband and wife in anticipation of separation. While the Court recognizes that language in the *Weeks* case, cited by the defendants, may conflict with the *Miller* holding, the Court finds that such language merely constitutes nonbinding dicta. In *Weeks*, the Florida Supreme Court considered whether a separa-

tion agreement entered into by a husband and wife was enforceable. The Court found that it was not and relied primarily on the fact that the husband failed to disclose all relevant financial information prior to execution of the agreement. In contrast, the issue whether reconciliation renders a property settlement agreement unenforceable was squarely before the Court in the *Miller* case.

In this case, as in the *Miller* case, John and Susan Malloy entered into a property settlement agreement which made a full and final determination of the their rights in and with respect to joint and separate property. Further, as in *Miller*, the agreement has been fully executed. Accordingly, under the law of Florida as put forth by the Florida Supreme Court, the subsequent reconciliation of the Malloys did not render their property settlement agreement void or voidable.

## III

█ Plaintiff also moves for summary judgment. Plaintiff argues that no genuine issues of material fact remain as to whether the subject property in this case was transferred to the Plaintiff from her husband pursuant to a property settlement agreement supported by valuable consideration almost two years prior to the penalty assessment by the I.R.S. After a thorough review of the record, including all the exhibits and affidavits therein, the Court agrees that the subject property was transferred to Susan Malloy in June of 1983 pursuant to a quit claim deed and a property settlement agreement.

Defendant contends, however, that summary judgment is not appropriate since material facts remain in dispute as to whether the subject property was fraudulently conveyed to the plaintiff. In particular, the defendant maintains that certain "badges of fraud" were involved in the transfer which would allow a reasonably minded jury to conclude, under the applicable law of fraudulent conveyances, that the property was transferred as part of a scheme to delay, hinder or defraud creditors. The

badges of fraud alluded to by the defendant are as follows: no consideration supported the transfer; the transfer was among close family relations; the transferor faced liability from pending and threatened litigation; the deed of transfer was withheld from the public records for a period of three months; and the husband helped pay for one of the multiple debts assumed by Susan Malloy in consideration for the transfer of the subject properties.

The record fails to support the defendant's contentions that the properties were transferred for no consideration or as a means of avoiding payment of judgments rendered in pending or future litigation. Instead, the undisputed facts in the record indicate that the subject property was transferred pursuant to a property settlement agreement and a quit claim deed. The property settlement establishes that in return for the transfer of the property, Susan Malloy agreed to completely assume a substantial number of obligations that had been jointly incurred by the Malloys. These obligations included, among other things, mortgages, credit card bills and judgments resulting from past and pending litigation and the care and support of the Malloy's minor children. The evidence in the record, consequently, establishes the opposite; no material facts remain in dispute that the property was transferred for valuable consideration and not as a means to avoid paying judgments in pending litigation.

The only "badges of fraud" receiving any support in the record, therefore, are the facts that the transfer was made between a husband and wife, that the quit claim deed was not recorded until three months after it was executed and that John Malloy assisted Susan Malloy in paying one of the assorted debts Susan assumed as consideration for the transfer of John's interests in the subject properties. The Court finds, as a matter of law, however, that these facts alone, without more, do not permit a reasonable jury to infer that the transfer of the subject property was conveyed with fraudulent intent in contravention of Fla.Stat. sec. 726.01 et seq. (1985).

In addition, the Court finds that the defendant failed to bring forth any evidence that the plaintiff knew of the alleged fraudulent scheme. The Uniform Fraudulent Conveyance Act, Fla.Stat. sec. 726.01 et seq. (1985), in effect at the time of the transfer provided that:

> This section ... shall not extend to any estate or interest in lands ... which shall be had, made, conveyed ... if such estate shall be, upon good consideration and bona fide, lawfully conveyed or assured to any person ... not having at the time of such conveyance or assurance to them made any manner of notice or knowledge of such covin, fraud or collusion as aforesaid, anything in this section to the contrary notwithstanding.

As discussed above, the only evidence in the record indicates that the transfer of the property was done for valuable consideration. To set aside the transfer as fraudulent, therefore, the defendant bears the burden of proving not only that the property was transferred pursuant to a fraudulent scheme but that the plaintiff, Susan Malloy, was aware of such fraudulent scheme. The defendant, however, brings forth no evidence of Susan Malloy's complicity in the alleged fraudulent scheme. The defendant's complete failure of proof as to this essential issue on which it bears the burden of proof also mandates a finding of summary judgment in favor of the plaintiffs. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Rollins v. Techsouth, Inc.,* 833 F.2d 1525 (11th Cir.1987); and *Barfield v. Brierton,* 883 F.2d 923 (11th Cir.1989). Thus, while the Court finds that no material facts remain in dispute that the plaintiff, Susan Malloy, indeed acquired title to the subject properties in return for valuable consideration, the defendant has failed to bring forth evidence from which a reasonable jury could infer that the transfer was part of a fraudulent scheme or that Susan Malloy knew of a fraudulent scheme.

## IV

For the reasons given above, the Court DENIES defendant's motion for summary judgment and GRANTS plaintiff's motion

for final summary judgment. The Court further orders that the federal tax lien on the subject properties, issued against Susan Malloy as nominee for her husband, be removed. Title in the subject property is hereby quieted as against the United States of America subject to the rights and determinations relating to the third party defendants in this action and any other claimants.

DONE AND ORDERED.