PER CURIAM.
We find no error in the trial court holding that the real property, which was pledged to secure a first mortgage, at no time pertinent, had the status of homestead upon any of the following bases: 1) the property was not homestead in the first instance. Hussa v. Hussa, 65 So.2d 759 (Fla.1953); Johns v. Bowden, 68 Fla. 32, 66 So. 155 (1914); McGregor v. Kellum, 50 Fla. 581, 39 So. 697 (1905); Murphy v. Farquhar, 39 Fla. 350, 22 So. 681 (1897); 29 Fla.Jur.2d, Homesteads § 27 (p. 290); 2) Even if a homestead, the maker of the note and mortgage may not urge such status to defeat a foreclosure. Hillsborough Investment Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (1943); Patterson v. Taylor, 15 Fla. 336 (1875); 29 Fla.Jur.2d, Homesteads § 40 (p. 302); 3) Even if it was homestead in the first instance, it lost this status when the maker of the note and mortgage, and the owner of the property, became divorced. Miller v. West Palm Beach Atlantic National Bank, 142 Fla. 22, 194 So. 230 (1943); United States v. Boyette, 413 So.2d 1250 (Fla. 1st DCA 1982); 29 Fla.Jur.2d, Homesteads § 76 (p. 331); and 4) Even if the property did have homestead status, same was duly waived by the execution of a waiver by the maker’s wife, with all the formalities of a deed, which was attached to the mortgage. See and compare MacGregor v. MacGregor, 323 So.2d 35 (Fla. 4th DCA 1975).
Therefore, for the reasons stated, the final judgment of foreclosure under review, be and the same is hereby affirmed.