578 So.2d 20 (1991)
Frank and Brenda BARNES, Appellants,
v.
CAMDEN REALTY, INC., Appellee.
No. 90-2296.
District Court of Appeal of Florida, First District.
April 9, 1991.
Rehearing Denied May 7, 1991.
Robin A. Kobacker, Pensacola, for appellants.
William W. Wilhelm, Clearwater, for appellee.
PER CURIAM.
The appellants appeal from a declaratory judgment which was entered upon the parties' motions for summary judgment, and which established that the appellee is entitled to funds placed in escrow by the appellants. In reaching this conclusion, the court determined that the funds in escrow are not protected by the provisions of the Constitution of the State of Florida relating to homestead exemptions. We find that this determination involved the resolution of a disputed issue of material fact, so as to preclude a summary judgment. We therefore reverse the declaratory judgment and remand for further proceedings.
When the appellants sold their home, a lien in connection with a previously recorded judgment for the appellee appeared as a cloud on the appellants' title to the property. In order to consummate the sale, the appellants placed a portion of the proceeds in escrow, subject to a judicial determination regarding entitlement to these funds. The appellants then sought a declaratory judgment, asserting that the funds are protected under the provisions of Article X, Section 4 of the state constitution, relating to homestead exemptions.
*21 In Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla. 1962), it was established that the provisions of the state constitution relating to homestead exemptions may apply to proceeds from a voluntary sale of homestead property if it is shown that the sale was made with a good faith intent to reinvest the proceeds in another homestead within a reasonable amount of time. The existence of such good faith intent is essentially a factual issue, which the parties contested in the present case. It was inappropriate for the court to resolve this disputed issue of material fact by the process of summary judgment. See Boman v. State Farm Mut. Auto. Ins. Co., 505 So.2d 445 (Fla. 1st DCA), rev. den. 509 So.2d 1119 (Fla. 1987); Strickland v. Progressive American Ins. Co., 468 So.2d 525 (Fla. 1st DCA 1985).
The declaratory judgment is reversed and the cause is remanded for further proceedings.
NIMMONS, BARFIELD and ALLEN, JJ., concur.