ERVIN, Judge.
In his appeal from a final judgment of dissolution of marriage, appellant, Robert Gerard, raises the following points: 1) that the lower court erred in setting aside a quitclaim deed to the marital home executed by appellee, Valarie Gerard, to him, as part of a marital settlement agreement, based on the parties’ reconciliation; and 2) that the court’s award of permanent, periodic alimony to the wife was an abuse of discretion. We affirm as to both points and consider that only the former requires discussion.
In 1987, the parties first separated and entered into a stipulation and agreement wherein they agreed that the husband would pay $40,000 to the wife for her interest in the marital home. Pursuant to the agreement, the wife signed a quitclaim deed to her interest in the home. The deed was, however, never recorded, and no divorce was obtained at the time because the parties reconciled and remained together until shortly before the present suit was filed.
Appellant correctly relies upon Miller v. West Palm Beach Atlantic National Bank, 142 Fla. 22, 194 So. 230, 231 (1940), for the rule that reconciliation rescinds executory contracts, but not contracts already executed. He argues that because the deed was executed, it is immaterial whether he and his wife reconciled. Nevertheless, Miller also recognizes that the intention of the parties governs the question of whether the agreement can be considered abrogated by the reconciliation.
In the present case, competent, substantial evidence supports the alternative theory for voiding the deed based on the parties’ intent. The wife clearly testified that she thought the agreement and deed were no longer effective once the parties reconciled. She used the $30,000 which the husband had deposited into the joint checking account to pay bills incurred during the marriage so that they could have, in her words, “a fresh start.” She used the car given to her in the stipulation as a downpayment on a truck for the parties’ daughter. Although the husband did not directly testify as to his intent, he never recorded the deed, and he obtained mortgages on the property in both their names. He initially paid only $30,000 (the sum obtained before the stipulation was signed); the remaining $10,000 that he claimed he paid was not even obtained until two years later when the parties signed a second mortgage on the property. The foregoing constitutes competent, substantial evidence to support the trial court’s conclusion that the parties intended to void the agreement and deed when they reconciled.
AFFIRMED.
JOANOS and KAHN, JJ., concur.