HARRIS, Judge.
Appellants, John Jebailey and Nadia Je-bailey, timely appeal from a final summary judgment in favor of Watsky & Company. We reverse.
Until recently, John Jebailey has owned a parcel of property in Orange County on which he, his wife, and their daughter, Lorit-ta Jebailey, resided.
In 1994, Watsky obtained a judgment against John Jebailey in the amount of $14,-870.06. Watsky alleges that subsequent to said judgment, John Jebailey moved to Lebanon where he has resided during these proceedings.
Also subsequent to Watsky’s judgment, Je-bailey entered into a contract to sell the property. Prior to closing on the sale of the house, Jebailey filed a declaratory action and motion for temporary injunction seeking a determination that the property was homestead and exempt from execution. During this action, the property closed and the proceeds were deposited into the registry of the court. The parties are now litigating over the proceeds from the sale of the house. Watsky contends that the proceeds of the sale of even homestead property are not exempt upon sale of the property unless there is an intent to invest the proceeds in another homestead.
The trial court granted summary judgment for Watsky finding:
8. Petitioners’ only evidence in support of its summary judgment motion was a document entitled “Affidavit” attached to its Petition. This document was signed by Petitioner, Nadia Jebailey and Loritta Je-bailey.
9. Respondent argued that this Affidavit was insufficient, because it does not reflect that the Affiants had personal knowledge of its contents, or that the Affiants were competent to testify thereabouts. This Court made no ruling on that issue.
10. Petitioners’ Motion for Summary Judgment was denied, in that they failed to demonstrate with the record it introduced it was entitled to summary judgement as a matter of law, in that based on the record introduced, the Petitioners failed to establish that once the property had been sold, the proceeds of that sale were exempt from process.
11. Respondent made an oral motion for summary judgement relying on the case of Carpineta v. Shields, 70 So.2d 573 ([Fla.]1954), that based on all the pleadings, depositions and memoranda on file in this case, that Respondent was entitled to summary judgement as a matter of law.
12. The record is devoid of any evidence that at the time of sale that either a replacement residence had been purchased or that Petitioners had an intention to do so.
13. This Court granted Respondent’s Motion for Summary Judgment based upon the case of In re: McGuire, 37 B.R. 365 (M.D.Fla.Bkrtcy.1984). This Court determined that the proceeds of Petitioners’ voluntary sale of homestead property did not retain the character of exempt property which is not subject to the claims of creditors once the property was sold.
14. The Court found that there were no genuine issues of material fact as to the *1038 issue of the non-exempt character of the assets deposited into the Court Registry.
15. On July 19, 1995, this Court granted Respondent’s Motion for Summary Judgment and declared that the proceeds held in the Court Registry are nonexempt from process.
16. Respondent is entitled to disbursement of all proceeds held in the Court Registry in the amount of $20,398.22, and the Clerk is directed to release same for which let execution issue.
This appeal follows.
The supreme court held in Orange Brevard Plumbing and Heating Co. v. La Croix, 137 So.2d 201 (Fla.1962), that the provisions of the Florida Constitution relating to homestead exemptions also apply to proceeds from a voluntary sale of homestead property if it is shown that the sale was made with a good faith intent to reinvest the proceeds in another homestead within a reasonable period of time. See generally, Sun First Nat. Bank of Orlando v. Gieger, 402 So.2d 428 (Fla. 5th DCA 1981)(where judgment debtors were attempting to establish a new homestead and intended to simply use monthly payments they received from their debtors for mortgage payments on a new homestead, but were not able to carry out that intent due to judgment creditor’s garnishment, judgment debtors had a “reasonable time” to reinvest proceeds into new homestead).
Barnes v. Camden Realty, Inc., 578 So.2d 20 (Fla. 1st DCA 1991), is directly on point. In Barnes, the home sellers filed a declaratory action seeking a determination that proceeds from the sale of their home were exempt from a judgment creditor’s lien. The trial court entered summary judgement for the creditor, and the home sellers appealed. The district court reversed finding that a factual issue existed as to whether the sale of the homestead was made with a good faith intent to reinvest proceeds in another homestead within a reasonable amount of time, precluding summary judgement.
We disagree with the trial court that the record is “devoid of any evidence that at the time of sale” petitioners intended to invest the proceeds in a new homestead.
Loritta, the daughter, testified that her parents intended to continue residing in central Florida and that she had been looking at houses on their behalf although no contract had been signed. She explained that her parents had not yet purchased a house because the proceeds from the sale of their former home were tied up in the instant litigation.
While the conduct of Mr. Jebailey certainly puts in question his good intentions in this regard, the testimony of the daughter creates a fact issue that precludes summary judgment. Credibility of the witnesses must await a trial.
REVERSED.
THOMPSON and ANTOON, JJ., concur.