860 So.2d 506 (2003)
Tony NOVOA and Drumia Novoa, Appellants,
v.
AMERISOURCE CORPORATION, Appellee.
No. 3D03-161.
District Court of Appeal of Florida, Third District.
November 26, 2003.
*507 Woodbury & Santiago and Michael P. Woodbury, for appellants.
Raul Gastesi and Leonardo G. Renaud, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Tony Novoa and Drumia Novoa appeal an order granting a summary judgment in favor of judgment creditor, Amerisource Corporation, in its action to foreclose on real property. We reverse.
Mr. Novoa argues on appeal that he presented sufficient evidence at the summary judgment hearing that the property was homestead, and not subject to foreclosure by the creditor, to create an issue of fact precluding summary judgment. Mrs. Novoa asserts that the court erred in granting summary judgment in view of her testimony that her husband's creditor could not attach the property because, despite a clerical error in the title, the parties intended to hold the property as tenants by the entireties.
The court in Jebailey v. Watsky & Co., 676 So.2d 1036 (Fla. 5th DCA 1996), was presented with a similar scenario. Jebailey sold his homestead in Florida and was living in Lebanon. His creditors sought to attach the proceeds of the sale. The Fifth District held that testimony from Jebailey's daughterexplaining her parents' intent to purchase another Florida property as homestead with those proceedsprecluded summary judgment. In the case before us, there was sufficient record evidence to create genuine issues of material fact regarding Mr. Novoa's intention to continue to use the property as his homestead. Novoa testified that he intended to continue using the property as his homestead and would be returning to the property as soon as his legal problems in the United States had been resolved. This created a factual issue that precluded summary judgment.
Amerisource argues that the Novoas abandoned the homestead because they are currently living in Costa Rica. Novoa refuted this allegation by testifying that he is in Costa Rica pending resolution of his legal problems, and that he intends to return to the property as homestead when these problems abate. "Continuous uninterrupted physical presence is not required to create a homestead." Burdick v. Burdick, 399 So.2d 410 (Fla. 3d DCA 1981). "A homestead is abandoned by taking up a permanent abode at a distant place. Whether there has been an abandonment of a homestead ... should be determined by a consideration of all the pertinent facts and circumstances of each case." Miller v. West Palm Beach Atlantic Nat'l Bank, 142 Fla. 22, 194 So. 230 (1940). In Dean v. Heimbach, 409 So.2d 157 (Fla. 1st DCA 1982), the court found that involuntary absence from homestead, caused by legal problems of the owner, are insufficient to constitute abandonment of the homestead. The status of homestead is preserved "when the family unit is temporarily removed from the homestead but the homestead remains the permanent abode to which the family unit intends to return." Dean, 409 So.2d at 158. Novoa's testimony created an issue of fact as to his intention to return, and not abandon the homestead.
Moreover, in granting summary judgment in this case, the trial court impermissibly weighed the credibility of Mrs. Novoa and disregarded her testimony that they intended to title the property as tenants by the entireties. This was improper, as credibility determinations must be made by a jury at trial. Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000); Jebailey.
*508 Based on the foregoing, we reverse summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
LEVY, J., concurs.
COPE, J. (concurring).
In the present posture of the case I concur in reversing for further proceedings.
I write separately, however, to point out what I believe to be an important underlying issue in the case, the doctrine of judicial estoppel. See Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061 (Fla.2001); SCI Funeral Servs. of Florida, Inc. v. Henry, 839 So.2d 702 (Fla. 3d DCA 2002). The doctrine of judicial estoppel precludes "the option of pursuing an entirely inconsistent position in a subsequent suit." Blumberg, 790 So.2d at 1067.
The parties have framed the question to be whether the Novoas abandoned the homestead, but to me the more basic problem is that the Novoas have taken inconsistent positions in court. Since the issue has not been briefed by the parties, it is an issue which should be addressed on remand. The issue clearly exists as to Tony Novoa, and quite possibly also exists as to the appellant wife, Drumnia Marquez Novoa.
The summary judgment record reflects that in prior litigation between Tony Novoa and Amerisource Corporation, Tony Novoa consistently took the position that the family had relocated to Costa Rica. These representations were made so that he could not be compelled to come to Miami-Dade County in connection with pending civil lawsuits as well as a pending Medicaid investigation. Tony Novoa's status as a resident of Costa Rica was repeatedly presented to the trial court by his counsel.
In the civil lawsuits Amerisource recovered substantial judgments against Tony Novoa, which it is now seeking to enforce against real estate titled in Tony Novoa's name in Miami-Dade County. Seeking to block the Amerisource judgments, the Novoas argue that Miami-Dade County has at all times remained their homestead, and that they were physically present in Miami-Dade County several days each month.
The trial court had a clear understanding of Tony Novoa's previous litigation position that he was a Costa Rican resident, not a Florida resident. It was the inconsistency of the Novoas' litigation position that troubled the trial court, and rightly so. While Florida cases have in some circumstances allowed homestead status to be retained notwithstanding the absence of the owner from the jurisdiction for a period of time, see majority opinion at 2-3, those cases do not rule out the possibility of the application of the doctrine of judicial estoppel, and the cited cases differ from the circumstances present here. In Jebailey v. Watsky & Co., 676 So.2d 1036 (Fla. 5th DCA 1996), the proceeds of the sale of the Jebaileys' homestead were placed in the registry of the court thus preventing the Jebaileys from buying another homestead until resolution of the lawsuit regarding entitlement to the proceeds. In those circumstances, the Jebaileys returned to their home country until such time as the litigation could be resolved. The case does not involve the taking of inconsistent litigation positions, which is what the doctrine of judicial estoppel is designed to prevent.
In Dean v. Heimbach, 409 So.2d 157 (Fla. 1st DCA 1982), William Dean was arrested and ordered as a condition of bail to leave Jackson County where the homestead was located. Plainly under those circumstances there could be no abandonment, because the departure from the *509 homestead was ordered by the court. Again, no such circumstances exist here.
The other cases cited in the majority opinion, Miller v. West Palm Beach Atlantic Nat'l Bank, 142 Fla. 22, 194 So. 230 (1940), and Burdick v. Burdick, 399 So.2d 410 (Fla. 3d DCA 1981), both involve the effect of a separation by husband and wife on the status of the marital abode as homestead. In Miller it was found that there had been an abandonment and the husband was estopped to say otherwise. 194 So. at 232. In Burdick, there was found to be no abandonment. Id. at 413. Those cases likewise present no barrier to application of the doctrine of judicial estoppel in an appropriate case.